UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.______________

ALBERT COLEMAN III,

Plaintiff,

v.

BLUEGREEN RESORTS MANAGEMENT, INC.;
BLUEGREEN SERVICING, LLC; and
BLUEGREEN VACATIONS UNLIMITED, INC.

Defendants.
_____________________________________________/

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Bluegreen Resorts Managements, Inc., Bluegreen Servicing, LLC and Bluegreen Vacations Unlimited, Inc. (collectively "Defendants"), by and through undersigned counsel, hereby file this Notice of Removal pursuant to 28 USC §§ 1331, 1367(a), 1441(a) and 1446, and remove to this Court the civil action styled *Albert Coleman III vs. Bluegreen Resorts Management, Inc., et al.*, which was originally filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, under Case No. 2013-CA-012039 (the "State Court Action"). As grounds for removal, the Defendants state as follows:

On or about July 25, 2013, Plaintiff. Albert Coleman III ("Plaintiff") filed the State Court Action alleging violations of Florida's Consumer Collection Practices Act (the "FCCPA"). Thereafter, on or about August 1, 2013, the summonses and complaint filed in the State Court Action were served upon Defendants. The Defendants filed their Answer to Plaintiff's complaint in the State Court Action on or about September 2, 2013. On or about May 28, 2013, Plaintiff filed an amended complaint in the State Court Action alleging violations of the Telephone Communications Protections Act, 28 U.S.C. § 227 (the "TCPA"). The Defendants were served

with the amended complaint on or about June 13, 2013. In accordance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings and orders served on the Defendants in the State Court Action as of the date of filing this Notice of Removal are attached as **Composite Exhibit "A."**

**PROCEDURAL COMPLIANCE**

Removal is effectuated by Defendants pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions 28 U.S.C. § 1446(b) in that less than thirty (30) days have elapsed since Defendants were first served with the amended complaint alleging violations of the TCPA. *See* 28 U.S.C. § 1446(b)(3) (providing that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable"). The amended complaint, on its face, alleges a cause of action under the TCPA. Jurisdiction over Plaintiff's TCPA claim is, therefore, conferred on this Court by 28 U.S.C. § 1331 as the United States District Courts have original jurisdiction founded on any claim arising under the laws of the United States, pursuant to 28 U.S.C. § 1331.

Furthermore, this Court has supplemental jurisdiction over Plaintiff's state law claims asserted under the FCCPA. While the alleged violations of the FCCPA pled in Counts I and II of the amended complaint are pled as matters of state law, those counts are based on the very same factual allegations as Count III (the alleged violations of the TCPA) and are incorporated by reference in Count III. Because Plaintiff's state law claims are part of the same case or controversy and arise out of the same facts and circumstances as Plaintiff's federal claim, this Court may properly exercise supplemental jurisdiction over Counts I and II (the

alleged violations of the FCCPA). *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

A copy of this Notice of Removal, along with a separate Notice of Filing Notice of Removal, is simultaneously being filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida and served on counsel for Plaintiff. A copy of the Notice of Filing Notice of Removal filed in the state court (without exhibits) is attached hereto as **Exhibit "B."** 28 U.S.C. § 1446(d). By filing this Notice of Removal, Defendants do not waive any defenses that may be available. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to file a brief and to make an oral argument in support of the position that this case is removable. Pursuant to 28 U.S.C. § 1441(a), the removal of the State Action to the United States District Court for the Southern District of Florida is proper because this district embraces the place in which the State Action has been pending, *i.e.*, the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

WHEREFORE, Defendants, Bluegreen Resorts Managements, Inc., Bluegreen Servicing, LLC and Bluegreen Vacations Unlimited, Inc. hereby provide notice of their removal of this action to this Court, subject to all defenses Defendants might assert, and they respectfully request that this Court accept jurisdiction of this action and place it on the Court's docket.

DATED: June 27, 2014
West Palm Beach, Florida

Respectfully submitted,

**ATHERTON LAW GROUP, P.A.**

s/ ***S. Jordan Rappaport***

Scott W. Atherton (FBN 749591)
S. Jordan Rappaport (FBN 0811041)
224 Datura Street, Suite 815
West Palm Beach, Florida 33401
Telephone: (561) 293.2530
Facsimile: (561) 293.1593

***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and served a true and correct copy of the foregoing upon all counsel listed on the attached Service List via E-mail.

***S. Jordan Rappaport***
S. Jordan Rappaport, Esq.

**SERVICE LIST**

Ira R. Leavengood, Esq.
Aaron M. Swift, Esq.
Leavengood, Duval & Boyle, P.A.
Northeast Professional Center 3900 First Street North, Suite 100
St. Petersburg, FL 33703
ileavengood@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiffs*

Michael Finn, Esq.
Patrick Kennedy, Esq.
*Pleadings@Finnlawgroup.com*
*Patrick@Finnlawgroup.com*
*Michael@Finnlawgroup.com*
Finn Law Group, P.A.
10720 72nd Street, Suite 305
Largo, Florida 33777
*Attorneys for Plaintiff*

4830-4926-2097, v. 1