# EXHIBIT A



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

LDD / ALL
**Transmittal Number: 11448812**
**Date Processed: 08/01/2013**

| | |
|---|---|
| Primary Contact: | Virginia Justiniano<br>Bluegreen Corporation<br>4960 Conference Way North<br>Suite 100<br>Boca Raton, FL 33431 |

| | |
|---|---|
| Entity: | Bluegreen Vacations Unlimited, Inc.<br>Entity ID Number  0606190 |
| Entity Served: | Bluegreen Vacations Unlimited, Inc. |
| Title of Action: | Albert Coleman III vs. Bluegreen Resorts Management, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Palm Beach County Circuit Court, Florida |
| Case/Reference No: | 2013-CA-012039 |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 08/01/2013 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Patrick Kennedy<br>727-214-0700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com



**** CASE NUMBER: 2013CA012039 DIVISION: AJ ****

Electronically Filed 07/25/2013 04:42:39 PM ET

*** FILED: PALM BEACH COUNTY, FL SHARON BOCK, CLERK. ***

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ALBERT COLEMAN III,

        Plaintiff,

vs.

                            Case No.:
                            Division:

BLUEGREEN RESORTS MANAGEMENT, INC.;
BLUEGREEN SERVICING, LLC; and
BLUEGREEN VACATIONS UNLIMITED, INC.,

        Defendants.

_____/

Date: 8 / 1 / 13
Time: 3:00 AM / PM
CPS: #241   LL

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on defendant:

        **BLUEGREEN VACATIONS UNLIMITED, INC.**
        **c/o Corporation Service Company**
        **1201 Hays Street**
        **Tallahassee, FL 32301-2525**

    The Defendant is hereby required to serve written defenses to said Complaint on Plaintiff's attorney whose name and address is:

        Patrick Kennedy, Esquire
        Finn Law Group, P.A.
        10720 72nd Street, Suite 305
        Largo, FL 33777

within twenty (20) days after service of SUMMONS upon said Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiffs or immediately thereafter. If Defendant fails to do so, a DEFAULT will be entered against the Defendant for the relief demanded in the Complaint.

    WITNESS my hand and Seal of said Court, on this ____ da   JUL 25 2013  , 2013.



CLERK OF THE CIRCUIT COURT

BY: _____
    Deputy Clerk
    Lynn Puglia

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the attorney named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Westerman White Zetrouer, P.A. (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Westerman White Zetrouer, P.A. (Plaignant ou a son avocat) nomme ci-dessous.

Patrick Kennedy, Esquire
Finn Law Group, P.A.
10720 72nd Street, Suite 305
Largo, FL 33777

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ALBERT COLEMAN III,

     Plaintiff,

v.                                   Case Number: 2013-CA-012039
                                       Division: AJ

BLUEGREEN RESORTS MANAGEMENT, INC.;
BLUEGREEN SERVICING, LLC; and
BLUEGREEN VACATIONS UNLIMITED, INC.

     Defendants.
_____/

## COMPLAINT

Plaintiff, ALBERT COLEMAN III (hereinafter referred to as "Plaintiff" or "COLEMAN") sues Defendants, BLUEGREEN RESORTS MANAGEMENT, INC., BLUEGREEN SERVICING, LLC and, BLUEGREEN VACATIONS UNLIMITED, INC. and states as follows:

1. Defendant, BLUEGREEN RESORTS MANAGEMENT, INC. (hereinafter referred to as "BLUEGREEN MANAGEMENT"), is engaged in the timeshare and interval resort vacation business and is licensed to do business within the state of Florida. A true and correct copy of the Florida Department of State, Division of Corporations, report for BLUEGREEN MANAGEMENT has been attached hereto as Exhibit "A."

2. Defendant, BLUEGREEN SERVICING, LLC (hereinafter referred to as "BLUEGREEN SERVICING"), is engaged in the timeshare and interval resort vacation business and is licensed to do business within the state of Florida. A true and correct copy of the Florida Department of State, Division of Corporations, report for BLUEGREEN SERVICING has been attached hereto as Exhibit "B."

3. BLUEGREEN VACATIONS UNLIMITED, INC. (hereinafter referred to as "BVU") is the managing member of BLUEGREEN SERVICING. A true and correct copy of the

Florida Department of State, Division of Corporations, report for BVU has been attached hereto as Exhibit "C." See also Exhibit "B."

4. BLUEGREEN MANAGEMENT, BLUEGREEN SERVICING, and BVU are wholly-owned subsidiaries of Bluegreen Corporation (hereinafter referred to as "Bluegreen"). A true and correct copy of the Bluegreen's 2013 Form 10-K filed with the Securities and Exchange Commission has been attached hereto as Exhibit "D."

5. BLUEGREEN MANAGEMENT, BLUEGREEN SERVICING, BVU, and Bluegreen have its principal address listed at 4960 Conference Way North, Suite 100, Boca Raton, Palm Beach County, Florida. A true and correct copy of the Florida Department of State, Division of Corporations, report for Bluegreen has been attached hereto as Exhibit "E." See also Exhibits "A," "B," and "C."

6. Michael Kaminer is an officer and the General Counsel of Bluegreen, as well as an officer of BLUEGREEN MANAGEMENT and BVU. See Exhibits "A," "C," and "E."

7. Jeremy Spiegel is a corporate counsel for Bluegreen's legal department, under the direction of Michael Kaminer.

8. COLEMAN purchased a timeshare interest from BVU at Harbour Lights Resort (hereinafter referred to as "Harbour Lights") located in Myrtle Beach, South Carolina on February 22, 2011.

9. Bluegreen, or its affiliated entities, are involved in the management and operation of Harbour Lights.

10. At all material times hereto, the only monies owed in connection with his Timeshare Interests are installment payments, including interest, toward his Timeshare Interest and maintenance fees.

11. On or about February 26, 2013, COLEMAN hired Finn Law Group, P.A. ("Finn") to represent him with respect to negotiating a settlement of the debt he purportedly owed and to terminate his timeshare agreements with Bluegreen.

12. On or about March 1, 2013, Finn sent Bluegreen a letter (hereinafter referred to as the "Coleman Notice Letter") advising them that it was representing COLEMAN with respect to his timeshare interest and attached a Power of Attorney. The Coleman Notice Letter was printed on letterhead so that the name and address of COLEMAN'S attorney was readily ascertainable and provided a means for Bluegreen to contact Finn. A true and correct copy of the Coleman Notice Letter has been attached hereto as Exhibit "F."

13. The Coleman Notice Letter and attached Power of Attorney gave Bluegreen actual notice that Finn was representing COLEMAN for matters with respect to his timeshare interest, including for "indebtedness."

14. Neither Finn nor COLEMAN gave Bluegreen permission to communicate directly with COLEMAN regarding his purported debt.

15. COLEMAN did not initiate any communications with respect to his purported debt with Bluegreen after he retained Finn.

16. On or about April 2, 2013, BLUEGREEN MANAGEMENT sent a letter (hereinafter referred to as the "Coleman Maintenance Fee Bill Letter") directly to COLEMAN regarding debt he purportedly owed to Harbour Lights. This was an attempt to collect a debt because the Coleman Maintenance Fee Bill Letter includes a detachable payment coupon, lists a payment address, contains an amount due, and discloses several payment options. A true and correct copy of the Coleman Maintenance Fee Bill Letter has been attached hereto as Exhibit "G."

17. On or about April 10, 2013, BLUEGREEN MANAGEMENT and BVU sent an email letter (hereinafter referred to as the "Coleman Past Due Notice Letter") directly to COLEMAN regarding debt he purportedly owed to Harbour Lights. This was another attempt to collect a debt because the Coleman Past Due Notice Letter contained multiple hyperlinks titled, "Make Your Payment Now" and "Pay Your Maintenance Fees Today." Additionally, the Coleman Past Due Notice Letter stated that COLEMAN'S reservation privileges had been placed on hold until payment was received. A true and correct copy of the Coleman Past Due Notice Letter has been attached hereto as Exhibit "H."

3

18. Finn emailed Jeremy Spiegel of Bluegreen's legal department on or about April 12, 2013, regarding the Coleman Maintenance Fee Bill Letter and the Coleman Past Due Notice Letter to reiterate its representation of COLEMAN and to request that COLEMAN'S account be coded accordingly (hereinafter referred to as the "Finn Request #1"). A true and correct copy of the Finn Request #1 Letter has been attached hereto as Exhibit "I."

19. Jeremy Spiegel of Bluegreen's legal department responded via email to Finn Request #1 that the account had already been coded (hereinafter referred to as the "Spiegel Response"). See Exhibit "I."

20. On or about May 1, 2013, Gina Anderson of BLUEGREEN SERVICING contacted COLEMAN directly by telephone (hereinafter referred to as the "Collections Call #1") and left a voicemail message regarding debt he purportedly owed to Harbour Lights. This was an attempt to collect a debt because Gina stated she was a debt collector with BLUEGREEN SERVICING and was calling to discuss a financial matter with COLEMAN.

21. Finn again emailed Jeremy Spiegel of Bluegreen's legal department on or about May 3, 2013, regarding the Collections Call #1 to reiterate COLEMAN was still represented by Finn's office (hereinafter referred to as the "Finn Request #2"). A true and correct copy of the Finn Request #2 Letter has been attached hereto as Exhibit "J."

22. On or about May 8, 2013, BLUEGREEN MANAGEMENT sent another email letter (hereinafter referred to as the "Coleman Second Past Due Notice Letter") directly to COLEMAN regarding debt he purportedly owed to Harbour Lights. This was another attempt to collect a debt as the subject of the email was, "Overdue Account Notice – Restore Today!" and contained multiple hyperlinks titled, "Make Your Payment Now" and "Pay Your Maintenance Fees Today." A true and correct copy of the Coleman Second Past Due Notice Letter has been attached hereto as Exhibit "K."

23. Again, Finn emailed Jeremy Spiegel of Bluegreen's legal department on or about May 10, 2013, regarding the Coleman Second Past Due Notice Letter to make him aware COLEMAN was still represented by Finn's office and to request discontinuance of these

4

communications (hereinafter referred to as the "Finn Request #3"). A true and correct copy of the Finn Request #2 Letter has been attached hereto as Exhibit "L."

24. On or about May 15, 2013, "Ron" of BLUEGREEN SERVICING contacted COLEMAN directly by telephone (hereinafter referred to as the "Collections Call #2") and left a voicemail message regarding debt he purportedly owed to Harbour Lights. This was also an attempt to collect a debt as it originated from Bluegreen's loan servicing department.

25. Finn emailed Michael Kaminer, Bluegreen's Senior Vice President and General Counsel, on or about May 17, 2013, regarding the Collections Call #2 and to reiterate its representation of COLEMAN and request that COLEMAN'S account again be coded to reflect Finn's representation (hereinafter referred to as the "Finn Request #3"). A true and correct copy of the Finn Request #3 Letter has been attached hereto as Exhibit "M."

26. "Ron" of BLUEGREEN SERVICING again contacted COLEMAN directly by telephone (hereinafter referred to as the "Collections Calls #3 & #4"), on or about June 19, 2013 and June 20, 2013, and left voicemail messages regarding debt he purportedly owed to Harbour Lights. Again, this was an attempt to collect a debt as it originated from Bluegreen's loan servicing department.

27. Finn did not neglect its duties in representing COLEMAN, and promptly responded to any and all correspondence received from the several Defendants.

## COUNT I - VIOLATION OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT (FCCPA) AGAINST BLUEGREEN MANAGEMENT

28. Plaintiff hereby re-alleges all previous allegations in paragraphs one (1) through twenty-seven (27) as though fully set forth herein.

29. The Florida Consumer Collections Practices Act prohibits any person, in collecting consumer debts, from

> (18)  Communicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to

5

> a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

30. At all relevant times, Defendant solicited, advertised, offered, and provided goods and services by engaging in the timeshare and interval resort vacation business and thereby was engaged in trade or commerce as defined in Section 501.203, Fla. Stat.

31. At all relevant times, Defendant was seeking to collect, from Plaintiff, a purported debt arising from Plaintiff's purchase of a timeshare interest at Harbour Lights located in Myrtle Beach, South Carolina on February 22, 2011, a transaction incurred primarily for personal, family, or household purposes.

32. At all relevant times, in seeking to collect a consumer debt from Plaintiff, Defendant knowingly and willfully harassed Plaintiff with debt collection calls, letters, and emails after Finn advised Defendant in writing of its representation of Plaintiff in violation of 559.72(18) of the Florida Consumer Collection Practices Act.

33. The calls, letters, and emails demonstrate a calculated and intentional violation of Plaintiff's protections under the FCCPA because Defendant either had actual knowledge Finn represented Plaintiff or could readily ascertain Finn's name and address by virtue of Plaintiffs' account being "coded."

34. As a result of Defendant's actions, Plaintiff has been damaged directly and proximately by Defendant's violations of the FCCPA.

**WHEREFORE**, Plaintiff respectfully requests that the court:

    A.    Find BLUEGREEN MANAGEMENT violated the FCCPA;

    B.    Award Plaintiff damages, including statutory damages, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77;

    C.    Enter an injunction enjoining Defendant from future violations of the Act; and

    D.    Award any other and further relief as this court deems just and proper.

## COUNT II - VIOLATION OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT (FCCPA) AGAINST BLUEGREEN SERVICING

35. Plaintiff hereby re-alleges all previous allegations in paragraphs one (1) through twenty-seven (27) as though fully set forth herein.

36. The Florida Consumer Collections Practices Act prohibits any person, in collecting consumer debts, from

> (18)  Communicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

37. At all relevant times, Defendant solicited, advertised, offered, and provided goods and services by engaging in the timeshare and interval resort vacation business and thereby was engaged in trade or commerce as defined in Section 501.203, Fla. Stat.

38. At all relevant times, Defendant was seeking to collect, from Plaintiff, a purported debt arising from Plaintiff's purchase of a timeshare interest at Harbour Lights located in Myrtle Beach, South Carolina on February 22, 2011, a transaction incurred primarily for personal, family, or household purposes.

39. At all relevant times, in seeking to collect a consumer debt from Plaintiff, Defendant knowingly and willfully harassed Plaintiff with debt collection calls, letters, and emails after Finn advised Defendant in writing of its representation of Plaintiff in violation of 559.72(18) of the Florida Consumer Collection Practices Act.

40. The calls, letters, and emails demonstrate a calculated and intentional violation of Plaintiff's protections under the FCCPA because Defendant either had actual knowledge Finn represented Plaintiff or could readily ascertain Finn's name and address by virtue of Plaintiffs' account being "coded."

7

41. As a result of Defendant's actions, Plaintiff has been damaged directly and proximately by Defendant's violations of the FCCPA.

**WHEREFORE**, Plaintiff respectfully requests that the court:

    A.    Find BLUEGREEN SERVICING violated the FCCPA;

    B.    Award Plaintiff damages, including statutory damages, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77;

    C.    Enter an injunction enjoining Defendant from future violations of the Act; and

    D.    Award any other and further relief as this court deems just and proper.

## COUNT III - VIOLATION OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT (FCCPA) AGAINST BVU

42. Plaintiff hereby re-alleges all previous allegations in paragraphs one (1) through twenty-seven (27) as though fully set forth herein.

43. The Florida Consumer Collections Practices Act prohibits any person, in collecting consumer debts, from

> (18) Communicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

44. At all relevant times, Defendant solicited, advertised, offered, and provided goods and services by engaging in the timeshare and interval resort vacation business and thereby was engaged in trade or commerce as defined in Section 501.203, Fla. Stat.

45. At all relevant times, Defendant was seeking to collect, from Plaintiff, a purported debt arising from Plaintiff's purchase of a timeshare interest at Harbour Lights located in Myrtle Beach, South Carolina on February 22, 2011, a transaction incurred primarily for personal, family, or household purposes.

8

46. At all relevant times, in seeking to collect a consumer debt from Plaintiff, Defendant knowingly and willfully harassed Plaintiff with debt collection calls, letters, and emails after Finn advised Defendant in writing of its representation of Plaintiff in violation of 559.72(18) of the Florida Consumer Collection Practices Act.

47. The calls, letters, and emails demonstrate a calculated and intentional violation of Plaintiff's protections under the FCCPA because Defendant either had actual knowledge Finn represented Plaintiff or could readily ascertain Finn's name and address by virtue of Plaintiffs' account being "coded."

48. As a result of Defendant's actions, Plaintiff has been damaged directly and proximately by Defendant's violations of the FCCPA.

**WHEREFORE,** Plaintiff respectfully requests that the court:

        A.      Find BVU violated the FCCPA;

        B.      Award Plaintiff damages, including statutory damages, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77;

        C.      Enter an injunction enjoining Defendant from future violations of the Act; and

        D.      Award any other and further relief as this court deems just and proper.

           ___/s/ Patrick Kennedy____
           Patrick Kennedy, Esquire
           Florida Bar No. 97973
           Finn Law Group, P.A.
           10720 72nd St. Suite 305
           Largo, FL 33777
           T: 727/214-0700 F: 727/475-1494
           Primary e-mail: pleadings@finnlawgroup.com
           Secondary e-mails:
           patrick@finnlawgroup.com and
           michaeldfinn@finnlawgroup.com

9

Detail by Entity Name                          http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...



**FLORIDA DEPARTMENT OF STATE**
Division of Corporations

# Detail by Entity Name

**Foreign Profit Corporation**

BLUEGREEN RESORTS MANAGEMENT, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | F94000005131 |
| **FEI/EIN Number** | 650520217 |
| **Date Filed** | 10/04/1994 |
| **State** | DE |
| **Status** | ACTIVE |
| **Last Event** | CORPORATE MERGER |
| **Event Date Filed** | 06/02/1998 |
| **Event Effective Date** | NONE |

**Principal Address**

4960 CONFERENCE WAY NORTH
SUITE 100
BOCA RATON, FL 33431

Changed: 04/29/2005

**Mailing Address**

4960 CONFERENCE WAY NORTH
SUITE 100
BOCA RATON, FL 33431

Changed: 04/29/2005

**Registered Agent Name & Address**

THE PRENTICE-HALL CORPORATION SYSTEM, INC.
1201 HAYS ST., STE. 105
TALLAHASSEE, FL 32301

**Officer/Director Detail**

**Name & Address**

Title ASVP

KANUCK, MATTHEW PETER
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431



EXHIBIT
A

Copyright © and Privacy Policies
State of Florida, Department of State

1 of 4                                                                 7/22/2013 10:50 AM

Detail by Entity Name

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...

Title D/VP

PULEO, ANTHONY M
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title S

KAMINER, MICHAEL
4960 CONFERENCE WAY N STE 100
BOCA RATON, FL 33431

Title VP

HERZ, ALLAN J
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title D/VP

WARDAK, AHMAD
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title P

BARBER, BARNEY
4960 CONFERENCE WAY NORTH, STE. 100
BOCA RATON, FL 33431

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2011 | 07/19/2011 |
| 2012 | 01/04/2012 |
| 2013 | 04/04/2013 |

## Document Images

| | |
|---|---|
| 04/04/2013 -- ANNUAL REPORT | View Image in PDF format |
| 01/04/2012 -- ANNUAL REPORT | View Image in PDF format |
| 11/02/2011 -- ANNUAL REPORT | View Image in PDF format |
| 07/19/2011 -- ANNUAL REPORT | View Image in PDF format |
| 04/30/2011 -- ANNUAL REPORT | View Image in PDF format |
| 05/03/2010 -- ANNUAL REPORT | View Image in PDF format |
| 05/01/2009 -- ANNUAL REPORT | View Image in PDF format |
| 12/22/2008 -- ANNUAL REPORT | View Image in PDF format |
| 04/16/2008 -- ANNUAL REPORT | View Image in PDF format |
| 02/14/2007 -- ANNUAL REPORT | View Image in PDF format |

Detail by Entity Name                                  http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...

| | |
|---|---|
| 04/28/2006 -- ANNUAL REPORT | View image In PDF format |
| 04/29/2005 -- ANNUAL REPORT | View image in PDF format |
| 01/13/2004 -- ANNUAL REPORT | View image in PDF format |
| 01/21/2003 -- ANNUAL REPORT | View Image in PDF format |
| 02/18/2002 -- ANNUAL REPORT | View Image in PDF format |
| 02/02/2001 -- ANNUAL REPORT | View image in PDF format |
| 01/20/2000 -- ANNUAL REPORT | View image In PDF format |
| 03/02/1999 -- ANNUAL REPORT | View image in PDF format |
| 06/02/1998 -- Merger | View image in PDF format |
| 05/02/1998 -- Merger | View image in PDF format |
| 02/11/1998 -- ANNUAL REPORT | View Image in PDF format |
| 01/24/1997 -- ANNUAL REPORT | View image in PDF format |
| 01/31/1996 -- ANNUAL REPORT | View image in PDF format |
| 01/26/1995 -- ANNUAL REPORT | View image in PDF format |

FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS  

# Detail by Entity Name

**Foreign Limited Liability Company**

BLUEGREEN SERVICING LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | M08000002078 |
| **FEI/EIN Number** | 262372572 |
| **Date Filed** | 05/01/2008 |
| **State** | DE |
| **Status** | ACTIVE |
| **Last Event** | LC NAME CHANGE |
| **Event Date Filed** | 01/07/2010 |
| **Event Effective Date** | NONE |

**Principal Address**

4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

**Mailing Address**

4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

**Registered Agent Name & Address**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**Manager/Member Detail**

**Name & Address**

Title MGR

PULEO, ANTHONY M
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title MMBR

BLUEGREEN VACATIONS UNLIMITED, INC.
4960 CONFERENCE WAY NORTH, SUITE 100


EXHIBIT
B

BOCA RATON, FL 33431

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2011 | 04/30/2011 |
| 2012 | 01/25/2012 |
| 2013 | 04/04/2013 |

**Document Images**

| | |
|---|---|
| 04/04/2013 -- ANNUAL REPORT | View Image In PDF format |
| 01/25/2012 -- ANNUAL REPORT | View Image In PDF format |
| 04/30/2011 -- ANNUAL REPORT | View image In PDF format |
| 03/03/2010 -- ANNUAL REPORT | View Image in PDF format |
| 01/07/2010 -- LC Name Change | View Image in PDF format |
| 04/28/2009 -- ANNUAL REPORT | View Image In PDF format |
| 05/02/2008 -- Foreign Limited | View Image In PDF formal |

Detail by Entity Name         http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...

FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS


# Detail by Entity Name

### Florida Profit Corporation

BLUEGREEN VACATIONS UNLIMITED, INC.

### Filing Information

| | |
|---|---|
| Document Number | P93000051653 |
| FEI/EIN Number | 650433722 |
| Date Filed | 07/19/1993 |
| State | FL |
| Status | ACTIVE |
| Last Event | CORPORATE MERGER |
| Event Date Filed | 05/19/2006 |
| Event Effective Date | 05/19/2006 |

### Principal Address

4960 CONFERENCE WAY NORTH
SUITE 100
BOCA RATON, FL 33431

Changed: 04/29/2005

### Mailing Address

4960 CONFERENCE WAY NORTH
SUITE 100
BOCA RATON, FL 33431

Changed: 04/29/2005

### Registered Agent Name & Address

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

Name Changed: 11/26/1997

Address Changed: 11/26/1997

### Officer/Director Detail

### Name & Address

Title P

Copyright © and Privacy Policies
State of Florida, Department of State


EXHIBIT
C

7/22/2013 11:12 AM

Detail by Entity Name                                        http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...

PONTIUS, DAVID
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title ASVP

KANUCK, MATTHEW PETER
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title DVPT

PULEO, ANTHONY M
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title VP, S

KAMINER, MICHAEL
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title D

MALONEY, JOHN
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title D

STEINBECK, RANDY
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

## Annual Reports

| Report Year | Filed Date |
|-------------|------------|
| 2011 | 04/30/2011 |
| 2012 | 01/13/2012 |
| 2013 | 01/21/2013 |

## Document Images

| | |
|---|---|
| 01/21/2013 -- ANNUAL REPORT | View Image in PDF format |
| 01/13/2012 -- ANNUAL REPORT | View Image in PDF format |
| 11/02/2011 -- ANNUAL REPORT | View Image in PDF format |
| 04/30/2011 -- ANNUAL REPORT | View Image in PDF format |
| 05/03/2010 -- ANNUAL REPORT | View Image in PDF format |
| 05/01/2009 -- ANNUAL REPORT | View Image in PDF format |
| 04/18/2008 -- ANNUAL REPORT | View Image in PDF format |

Detail by Entity Name                                   http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...

| | |
|---|---|
| 04/27/2007 -- ANNUAL REPORT | View image in PDF format |
| 06/07/2006 -- ANNUAL REPORT | View image in PDF format |
| 05/19/2006 -- Merger | View image in PDF format |
| 03/23/2006 -- ANNUAL REPORT | View image in PDF format |
| 01/31/2006 -- ANNUAL REPORT | View Image in PDF format |
| 12/12/2005 -- Merger | View image in PDF format |
| 04/29/2005 -- ANNUAL REPORT | View image in PDF format |
| 01/13/2004 -- ANNUAL REPORT | View image in PDF format |
| 11/18/2003 -- ANNUAL REPORT | View image in PDF format |
| 01/21/2003 -- ANNUAL REPORT | View image in PDF format |
| 12/16/2002 -- Merger | View image in PDF format |
| 07/24/2002 -- REINSTATEMENT | View image in PDF format |
| 02/18/2002 -- ANNUAL REPORT | View image in PDF format |
| 02/06/2001 -- ANNUAL REPORT | View image in PDF format |
| 01/20/2000 -- ANNUAL REPORT | View image in PDF format |
| 06/17/1999 -- Merger | View image In PDF format |
| 03/02/1999 -- ANNUAL REPORT | View Image in PDF format |
| 11/04/1998 -- Merger | View image in PDF format |
| 05/05/1998 -- Name Change | View image in PDF format |
| 03/02/1998 -- ANNUAL REPORT | View Image in PDF format |
| 11/26/1997 -- Reg. Agent Change | View image in PDF format |
| 05/15/1997 -- ANNUAL REPORT | View image in PDF format |
| 05/01/1996 -- ANNUAL REPORT | View Image in PDF format |
| 04/28/1995 -- ANNUAL REPORT | View image in PDF format |

http://www.sec.gov/Archives/edgar/data/778946/000117120013000...

EX-21.1 2 i00033_ex21-1.htm BLUEGREEN CORPORATION SUBSIDIARIES

**EXHIBIT 21.1**

**Bluegreen Corporation Subsidiaries**

| | |
|---|---|
| BBCV Receivables-Q 2010 LLC | Delaware |
| BG Monaire, LLC | Delaware |
| Big Cedar JV Interiors, LLC | Delaware |
| Big Cedar Wilderness Club II condominium Association, Inc. | Missouri |
| Bluegreen Asset Management Corporation | Delaware |
| Bluegreen Beverage, LLC | Delaware |
| Bluegreen Communities of Georgia Realty, Inc. | Georgia |
| Bluegreen Communities of Georgia, LLC | Georgia |
| Bluegreen Communities of Texas, L.P. | Delaware |
| Bluegreen Communities, LLC | Delaware |
| Bluegreen Corporation of Tennessee | Delaware |
| Bluegreen Golf Clubs, Inc. | Delaware |
| Bluegreen Guaranty Corporation | Florida |
| Bluegreen Holding Corporation (Texas) | Delaware |
| Bluegreen Interiors LLC | Delaware |
| Bluegreen Louisiana, LLC | Delaware |
| Bluegreen Nevada, LLC | Delaware |
| Bluegreen New Jersey, LLC | Delaware |
| Bluegreen Properties N.V. | Aruba |
| Bluegreen Properties of Virginia, Inc. | Delaware |
| Bluegreen Purchasing & Design, Inc. | Florida |
| Bluegreen Receivables Finance Corporation III | Delaware |
| Bluegreen Receivables Finance Corporation IX | Delaware |
| Bluegreen Receivables Finance Corporation V | Delaware |
| Bluegreen Receivables Finance Corporation VII | Delaware |
| Bluegreen Receivables Finance Corporation X | Delaware |
| Bluegreen Receivables Finance Corporation XI | Delaware |
| Bluegreen Receivables Finance Corporation XII | Delaware |
| Bluegreen Resorts International, Inc. | Delaware |
| Bluegreen Resorts Management, Inc. | Delaware |
| Bluegreen Resorts of Canada, Inc. | Canada |
| Bluegreen Servicing LLC f/k/a Bluegreen Florida, LLC | Delaware |
| Bluegreen Southwest Land, Inc. | Delaware |
| Bluegreen Southwest One, L.P. | Delaware |
| Bluegreen Table Rock, LLC | Delaware |
| Bluegreen Timeshare Finance Corporation I | Delaware |
| Bluegreen Treasury Services LLC | Delaware |
| Bluegreen Vacations Unlimited, Inc. | Florida |
| Bluegreen/Big Cedar Vacations, LLC | Delaware |
| BRF Corporation 2007-A | Delaware |
| BRFC 2008-A LLC | Delaware |
| BRFC 2010-A LLC | Delaware |
| BRFC 2012-A LLC | Delaware |
| BRFC III Deed Corporation | Delaware |



EXHIBIT
D

http://www.sec.gov/Archives/edgar/data/778946/000117120013000...

| | |
|---|---|
| BRFC-Q 2010 LLC | Delaware |
| BRM Bahamas Limited | Bahamas |
| BTFC II LLC | Delaware |
| BXG Construction, LLC | Delaware |
| BXG LEGACY 2010 LLC | Delaware |
| BXG Mineral Holdings, LLC | Delaware |
| BXG Realty Tenn, Inc. | Tennessee |
| BXG Realty, Inc. | Delaware |
| Catawba Falls, LLC | North Carolina |
| Colorful Skies, LLC | Delaware |
| Encore Rewards, Inc. | Delaware |
| Family Fun Company, LLC | Delaware |
| Great Vacation Destinations, Inc. | Florida |
| Jordan Lake Preserve Corporation | North Carolina |
| King Oaks at College Station, LLC | Texas |
| Lake Ridge Realty, Inc. | Texas |
| Leisure Capital Corporation | Vermont |
| Leisure Communication Network, Inc. | Delaware |
| Leisurepath, Inc. | Florida |
| Managed Assets Corporation | Delaware |
| New England Advertising Corporation | Vermont |
| Outdoor Traveler Destinations, LLC | Florida |
| Pinnacle Vacations, Inc. | Delaware |
| Prizzma LLC | Delaware |
| Resort Title Agency, Inc. | Florida |
| SC Holdco, LLC | Delaware |
| Select Connections, LLC | Delaware |
| Travelheads, Inc. | Florida |
| TFRI 2013-1 LLC | Delaware |

Detail by Entity Name                    http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...

**FLORIDA DEPARTMENT OF STATE**
Division of Corporations

# Detail by Entity Name

**Foreign Profit Corporation**

BLUEGREEN CORPORATION

**Cross Reference Name**

PATTEN CORPORATION

**Filing Information**

| | |
|---|---|
| **Document Number** | P35070 |
| **FEI/EIN Number** | 030300793 |
| **Date Filed** | 08/12/1991 |
| **State** | MA |
| **Status** | ACTIVE |
| **Last Event** | CORPORATE MERGER |
| **Event Date Filed** | 04/02/2013 |
| **Event Effective Date** | NONE |

**Principal Address**

4960 CONFERENCE WAY NORTH
SUITE 100
BOCA RATON, FL 33431

Changed: 04/03/2013

**Mailing Address**

4960 CONFERENCE WAY NORTH
SUITE 100
BOCA RATON, FL 33431

Changed: 04/03/2013

**Registered Agent Name & Address**

THE PRENTICE-HALL CORPORATION SYSTEM, INC.
1201 HAYS STREET
SUITE 105
TALLAHASSEE, FL 32301

Address Changed: 01/25/1994

**Officer/Director Detail**

Name & Address

Copyright © and Privacy Policies
State of Florida, Department of State



EXHIBIT

E

Detail by Entity Name                                         http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...

Title D

BECKER, NORMAN H
1909 TYLER ST SUITE 603
HOLLYWOOD, FL 33020

Title D

ABDO, JOHN E
1350 NE 56 STREET, SUITE 200
FORT LAUDERDALE, FL 33334

Title D

LEVAN, ALAN B
2100 WEST CYPRESS CREEK RD
FORT LAUDERDALE, FL 33309

Title VPST

PULEO, ANTHONY M
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title VPAS

KAMINER, MICHAEL
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

Title PCEO

MALONEY, JOHN M
4960 CONFERENCE WAY NORTH, SUITE 100
BOCA RATON, FL 33431

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2011 | 04/27/2011 |
| 2012 | 01/25/2012 |
| 2013 | 04/03/2013 |

## Document Images

| | |
|---|---|
| 04/03/2013 -- ANNUAL REPORT | View image in PDF format |
| 01/25/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/27/2011 -- ANNUAL REPORT | View image in PDF format |
| 05/01/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2009 -- ANNUAL REPORT | View image in PDF format |
| 04/22/2008 -- ANNUAL REPORT | View image in PDF format |

Detail by Entity Name

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDeta...

| | |
|---|---|
| 04/19/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2006 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2005 -- ANNUAL REPORT | View image in PDF format |
| 01/13/2004 -- ANNUAL REPORT | View image in PDF format |
| 01/21/2003 -- ANNUAL REPORT | View image in PDF format |
| 02/18/2002 -- ANNUAL REPORT | View image in PDF format |
| 02/01/2001 -- ANNUAL REPORT | View Image in PDF format |
| 01/20/2000 -- ANNUAL REPORT | View Image in PDF format |
| 03/01/1999 -- ANNUAL REPORT | View image in PDF format |
| 02/11/1998 -- ANNUAL REPORT | View image in PDF format |
| 01/27/1997 -- ANNUAL REPORT | View image in PDF format |
| 01/31/1996 -- ANNUAL REPORT | View image in PDF format |
| 01/26/1995 -- ANNUAL REPORT | View image in PDF format |

7/22/2013 10:53 AM



March 1, 2013

Bluegreen Corporation
Legal Department
4960 Conference Way North, Suite 100
Boca Raton, FL 33431

Sent Certified Mail, Tracking No.:  7012 2210 0000 6570 0832

Re:     My Client/Your Purchaser, Albert Colemann III
        Contract No.:  659274
        Prospective Fraud and Deceptive Sales Practice Claim(s) and/or other relevant grounds for
        contract termination, cancellation, or rescission

Dear Relevant Person:

My client has retained my offices to explore the possibilities of lawfully terminating his agreement with
your organization. My role at this point is to review all applicable sales contracts, sales literature,
advertising, offering prospectus, state and federal statutes, etc. pertaining to the transaction to best
advise my client as to the most efficient and appropriate methodology to accomplish that purpose.

My initial, and somewhat cursory, review of the documents provided by my client, which admittedly,
may not be the sum total of all documentation relevant to a fair determination of the issues, combined
with my review of the relevant federal and state statutes including US Code Title 15 Sect.# 45 (A)(1)(FTC
enforcement) as well as the specific rights/duties as promulgated in South Carolina Statute SCC Sect §
37-1-103; § 39-5-20 and § 39-5-70 (The Vacation Ownership and Time Share Act of 2004), indicates the
possibility that my client may not have received the benefit of his bargain, and may therefore have been
'victimized' by deceptive sales practices and/or misrepresentation prior to and during the pendency of
his transaction with your organization, and/or your agents, some of whom are licensed real estate
brokers, who have their own professional responsibilities with regard to fair treatment of timeshare
purchasers.

It's important to emphasize at this point that my investigation is incomplete, and until I have reviewed
all relevant documents, that I have reached no conclusions as to this particular transaction. Further,
depending upon the location and/or situs of the contract in question, my professional involvement may
be limited to research, negotiation, and/or referral to local counsel if same is deemed necessary. Prior to
completing my internal investigation for further action, I wish to insure my investigation and
recommendations are as complete and accurate as possible. Correspondingly, with the written
authorization attached herewith, I respectfully request that you provide copies of all signed contracts,
disclosures, other documentation, public offering statement(s), written promotional and advertising
materials, and any other information, written or otherwise, that you may deem relevant to this
investigation.

EXHIBIT
F

Additionally, as above referenced, since South Carolina Law provides for the involvement of licensed Real Estate Brokers as well as and further, because our limited investigation to date has revealed failure by these licensed individuals to advise purchasers of actual value that may well border on misrepresentation and/or failure of a duty, demand is hereby made for the names, current mailing address and license type and license numbers for all state licensed professionals involved in this particular transaction.

Further, be advised that my client, no longer intend to make further payments to your Company, as he alleges the terms of Contract No. 478638 were fraudulently and/or deceptively represented at the time of sale and/or another reason exists for nonpayment such as purchasers' inability to continue to fund his purchase. Also, be advised that my client no longer authorize your Company to make automatic withdrawals from his personal debit/credit card or bank account (if previously authorized to do so), effective immediately.

Should you wish to discuss an offer of release, or other form of termination of my client's purported contract, in exchange for a waiver of claim/release for any compensatory and/or punitive damages, I am authorized as my above referenced client's representative, to engage in mutual resolution discussions, subject, of course, to his ultimate concurrence in a mutually agreeable exit scenario.

During the pendency of our representation we respectfully request that you limit your communications regarding this matter exclusively to these offices.

In any event, your prompt response to this communication with all relevant documentation will be most appreciated. I will advise my client to delay any further action for about thirty days to await your position on this matter.

Very truly yours;

Michael D. Finn
MDF/epc
cc: client
Enclosure

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here
Colemann III

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

Powered by GoldFax   6/3/2013   08:38   *Bulloch County School District*   Page 3/3



**Account Inquiries**
Phone: 800-456-CLUB(2582)
Make payments and update your
account information online  at:
www.bluegreenonline.com

R E S O R T S   M A N A G E M E N T

**Bluegreen Vacation Club**
Statement Date:  4/02/2013
Owner Number:  659274

ALBERT F COLEMAN III
ESQ MICHAEL D FINN
8729 CLITO RD
STATESBORO, GA 30461

| Owner Summary | |
|---|---|
| Previous Balance: | $0.00 |
| Payments: | $0.00 |
| Current Charges: | $742.80 |
| Late Fees/Finance Chgs: | $84.73 |
| Adjustments: | ($83.71) |
| New Balance: | $743.82 |

| Account # | Date Billed | Description | Amount | Due Date |
|---|---|---|---|---|
| 261223AE | 2/01/2013 | VC Dues | $129.00 | 3/15/2013 |
| | 2/01/2013 | Maintenance_2013 | $476.75 | 3/15/2013 |
| | 2/01/2013 | RE Tax | $16.80 | 3/15/2013 |
| | 2/01/2013 | Voluntary ARDA | $5.00 | |
| | 4/02/2013 | VC Dues LtFee | $26.00 | |
| | 4/02/2013 | Finance Chg | $0.32 | |
| | 4/02/2013 | Late Fee | $25.00 | |
| 261223BE | 2/01/2013 | Maintenance_2013 | $111.25 | 3/15/2013 |
| | 2/01/2013 | Voluntary ARDA | $5.00 | |
| | 2/28/2013 | Adjustment | ($83.71) | |
| | 4/02/2013 | Finance Chg | $0.41 | |
| | 4/02/2013 | Late Fee | $25.00 | |

Total   $743.82

Please detach and return this portion with your check payment made payable to:   Bluegreen Vacation Club

☐ Enter an X if your address has changed and enter new address on reverse side.

If you would like to pay your balance with a credit card, please visit our website at
www.bluegreenonline.com.

Statement Date:  4/02/2013
Owner Number:  659274
Association ID:  88
000000659274-9

ALBERT F COLEMAN III
ESQ MICHAEL D FINN
8729 CLITO RD
STATESBORO, GA 30461

*Please make sure this address appears in the window of
the return envelope:*
Bluegreen Vacation Club
Bluegreen Resorts Management, Inc.
PO Box 105192
Atlanta, GA 30348-5192

Amount Due:   $743.82
Amount Paid: $ [        ]


EXHIBIT
G

99 000088 000000659274 9 00000000000000 0 0074382 6 040213 8

124

---------- Forwarded message ---------- --
From: **Bluegreen Resorts** <resorts@bluegreenemail.com>
Date: Wed, Apr 10, 2013 at 6:49 PM
Subject: Past Due Maintenance Fee Notice
To: alcoleman13@gmail.com



**bluegreen** resorts                                            View in browser  |  Visit our website

### ACCOUNT INFORMATION

**Owner Name:**
Albert Coleman

**Owner Number:**
659274

**Pay Online 24/7:**
BluegreenOnline.com

**Pay By Telephone:**
800.456.CLUB (2582), Option 2

**Hours of Operation:**
*Monday - Friday*
8 a.m. to 9 p.m. EST
*Saturday*
9 a.m. to 5:30 p.m. EST

## Your Maintenance Fees are Past Due!

Albert,

We know that it's easy to lose track of time and overlook things when you're busy. That's why we're sending you this friendly reminder that your Maintenance Fee payment is now past due. To bring your account up to date as quickly as possible, we encourage you to utilize the convenience of paying your balance online.

If you're not enrolled, you will need to visit Bluegreen Online to register today.

Until we receive your payment, your reservation privileges have been placed on hold. Once your payment has been received in full, we will reactivate and restore your ownership privileges as well as your ability to make reservations.

## Pay Your Maintenance Fees Today »

You can also call **800.456.CLUB(2582)** to make a payment and reinstate your ownership privileges.

Sincerely,
Bluegreen Resorts Management, Inc.

---

bluegreen          Privacy  |  Legal  |  Terms  |  Unsubscribe

**EXHIBIT H**

COPYRIGHT ® 2013 BLUEGREEN VACATIONS UNLIMITED, INC. ALL RIGHTS RESERVED.

Please add resorts@bluegreenemail.com to your address book.

PLEASE DO NOT REPLY TO THIS EMAIL, as this email address is not monitored. If you have questions about this email or Bluegreen in general, contact us. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way North, Suite 100, Boca Raton, FL 33431. Bluegreen, Bluegreen Resorts, Bluegreen Vacation Club, Colorful Places to Play and their respective logos are registered trademarks and/or service marks of Bluegreen Corporation and are used under license. All other trademarks, service marks and/or logos remain the property of their respective owners. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way N, Suite 100, Boca Raton, FL 33431, is a licensed Florida Seller of Travel, Reg. No. ST36225, California Seller of Travel, Reg. No. 2083124-50 (Registration as a seller of travel does not constitute approval by the State of California)

2

## Joel Osborne

| | |
|---|---|
| **From:** | Jeremy Spiegel <Jeremy.Spiegel@bluegreencorp.com> |
| **Sent:** | Friday, April 12, 2013 5:19 PM |
| **To:** | Joel Osborne |
| **Subject:** | RE: Albert Coleman | Contract No.: 659274 |

Joel:

The account was already coded.

If Mr. Coleman is still receiving correspondence from Bluegreen then please scan and forward to my attention so that I can address with the respective department.

Thanks.

Jeremy P. Spiegel
Corporate Counsel
**Bluegreen Corporation**
4960 Conference Way North, Suite 100
Boca Raton, Florida 33431
Telephone: (561) 443-8713
Facsimile: (561) 912-8299
Jeremy.Spiegel@Bluegreencorp.com

---

**From:** Joel Osborne [mailto:joel@finnlawgroup.com]
**Sent:** Friday, April 12, 2013 2:27 PM
**To:** Jeremy Spiegel
**Subject:** Albert Coleman | Contract No.: 659274

Jeremy,

Please code Mr. Coleman's account. Thanks.

--

Sincerely,

Joel Osborne
Paralegal
Finn Law Group, P.A.
Joel@FinnLawGroup.com

10810 72nd Street; Suite 210
Largo, FL 33777
Toll Free: (855) 346-6529 Ext: 103
Fax: (727) 683-9571

Finn Law Group - Avvo.com   |   Michael D. Finn - Michigan Bar   |   Michael D. Finn - Florida
Bar   |   Michael D. Finn - Lawyer.com

**EXHIBIT
I**

1

## Joel Osborne

| | |
|---|---|
| **From:** | Joel Osborne <joel@finnlawgroup.com> |
| **Sent:** | Friday, May 03, 2013 8:40 AM |
| **To:** | Jeremy Spiegel (Jeremy.Spiegel@bluegreencorp.com) |
| **Subject:** | Albert Coleman | Contract No.: 659274 |

Jeremy,

Mr. Coleman received a phone call from Gina Anderson at 1-888-673-8767, option 1. I left her a message to return my call, but I wanted you to be aware of the situation.

Let's talk tomorrow and go over some files I emailed specifics on.

Have a good evening.

--

Sincerely,

Joel Osborne
Paralegal
Finn Law Group, P.A.
Joel@FinnLawGroup.com

**Our mailing address has changed. Please update your records to reflect this new information**

10720 72nd Street; Suite 305
Largo, FL 33777
Toll Free: (855) 346-6529 Ext: 103
Fax: (727) 683-9571

Finn Law Group - Avvo.com   |   Michael D. Finn - Michigan Bar   |   Michael D. Finn - Florida
Bar   |   Michael D. Finn - Lawyer.com

CONFIDENTIALITY NOTICE

This email transmission from The Finn Law Group, P.A., and all content contained herein is confidential and privileged as either an Attorney-Client communication or Attorney work product. This information is intended for use by the recipient named above only. If you are not the intended recipient, use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone so that we may arrange for retrieval of any documents (if applicable) at no cost to you.



1

## Joel Osborne

| | |
|---|---|
| **From:** | Al Coleman <alcoleman13@gmail.com> |
| **Sent:** | Thursday, May 09, 2013 12:05 AM |
| **To:** | Joel Osborne |
| **Subject:** | Fwd: Overdue Account Notice - Restore Today! |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Wednesday night

Hello Joel:

Received this email today from Bluegreen.

Al Coleman
912-678-1780

---------- Forwarded message ----------
From: "Bluegreen Resorts" <resorts@bluegreenemail.com>
Date: May 8, 2013 4:58 PM
Subject: Overdue Account Notice - Restore Today!
To: <alcoleman13@gmail.com>
Cc:



1



**ACCOUNT INFORMATION**

Owner Name:
Albert Coleman

Owner Number:
659274

Pay Online 24/7:
BluegreenOnline.com

Pay By Telephone:
800.456.CLUB (2582), Option 2

Hours of Operation:
*Monday - Friday*
8 a.m. to 9 p.m. EST
*Saturday*
9 a.m. to 5:30 p.m. EST

**Second Reminder, Your Maintenance Fee Payment is Past Due!**

Albert,

This email is to advise you that your Maintenance Fee payment is now 54 days past due. Until we receive your payment, your reservation privileges have been placed on hold. Your account is now in jeopardy of having all future reservations cancelled and ownership privileges suspended.

Once your payment has been received in full, we will reactivate and restore your ability to make reservations.

To pay your past-due balance in full, simply login to your account today. You can also call **800.456.CLUB(2582)** to make a payment and reinstate your ownership privileges.

## Pay Your Maintenance Fees Today »

Sincerely,
Bluegreen Resorts Management, Inc.

bluegreen          Privacy  |  Legal  |  Terms  |  Unsubscribe          

COPYRIGHT ® 2013 BLUEGREEN VACATIONS UNLIMITED, INC. ALL RIGHTS RESERVED.

Please add resorts@bluegreenemail.com to your address book.

PLEASE DO NOT REPLY TO THIS EMAIL, as this email address is not monitored. If you have questions about this email or Bluegreen in general, contact us. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way North, Suite 100, Boca Raton, FL 33431. Bluegreen, Bluegreen Resorts, Bluegreen Vacation Club, Colorful Places to Play and their respective logos are registered trademarks and/or service marks of Bluegreen Corporation and are used under license. All other trademarks, service marks and/or logos remain the property of their respective owners. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way N, Suite 100, Boca Raton, FL 33431, is a licensed Florida Seller of Travel, Reg. No. ST36225, California Seller of Travel, Reg. No. 2083124-50 (Registration as a seller of travel does not constitute approval by the State of California) and Washington Seller of Travel, Reg. No. 602511860. Void where prohibited by law and where registration and/or licensing requirements have not yet been met.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING THE SALE OF TIMESHARE INTERESTS.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING SALES OF A VACATION OWNERSHIP PLAN.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING THE SALE OF TIME-SHARE PROPERTY OR INTERESTS IN TIME-SHARE PROPERTY.

## Joel Osborne

| | |
|---|---|
| **From:** | Joel Osborne <joel@finnlawgroup.com> |
| **Sent:** | Friday, May 10, 2013 3:18 PM |
| **To:** | Jeremy Spiegel (Jeremy.Spiegel@bluegreencorp.com) |
| **Subject:** | Al Coleman | Contract No.: 659274 |

Jeremy,

Could you get these emails to stop? I understand it is an automated email, but it's still an attempt to collect a debt and is prohibited under FS 559.72(18).

Thank and have a great day!
--

Sincerely,

Joel Osborne
Paralegal
Finn Law Group, P.A.
Joel@FinnLawGroup.com

**\*\*Our mailing address has changed. Please update your records to reflect this new information\*\***

10720 72nd Street; Suite 305
Largo, FL 33777
Toll Free: (855) 346-6529 Ext: 103
Fax: (727) 683-9571

Finn Law Group - Avvo.com   |   Michael D. Finn - Michigan Bar   |   Michael D. Finn - Florida
Bar   |   Michael D. Finn - Lawyer.com

CONFIDENTIALITY NOTICE

This email transmission from The Finn Law Group, P.A., and all content contained herein is confidential and privileged as either an Attorney-Client communication or Attorney work product. This information is intended for use by the recipient named above only. If you are not the intended recipient, use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone so that we may arrange for retrieval of any documents (if applicable) at no cost to you.

**From:** Al Coleman [mailto:alcoleman13@gmail.com]
**Sent:** Thursday, May 09, 2013 12:05 AM
**To:** Joel Osborne
**Subject:** Fwd: Overdue Account Notice - Restore Today!

---------- Forwarded message ----------
From: "Bluegreen Resorts" <resorts@bluegreenemail.com>
Date: May 8, 2013 4:58 PM
Subject: Overdue Account Notice - Restore Today!

EXHIBIT
L

1

To: <alcoleman13@gmail.com>
Cc:

**bluegreen** resorts                                    View in browser  |  Visit our website



IMPORTANT:
Make Your
Payment Now »

---

**ACCOUNT INFORMATION**

**Owner Name:**
Albert Coleman

**Owner Number:**
659274

**Pay Online 24/7:**
BluegreenOnline.com

**Pay By Telephone:**
800.456.CLUB (2582), Option 2

**Hours of Operation:**
*Monday - Friday*
8 a.m. to 9 p.m. EST
*Saturday*
9 a.m. to 5:30 p.m. EST

**Second Reminder, Your Maintenance Fee Payment is Past Due!**

Albert,

This email is to advise you that your Maintenance Fee payment is now 54 days past due. Until we receive your payment, your reservation privileges have been placed on hold. Your account is now in jeopardy of having all future reservations cancelled and ownership privileges suspended.

Once your payment has been received in full, we will reactivate and restore your ability to make reservations.

To pay your past-due balance in full, simply login to your account today. You can also call **800.456.CLUB(2582)** to make a payment and reinstate your ownership privileges.

## Pay Your Maintenance Fees Today »

Sincerely,
Bluegreen Resorts Management, Inc.

---

bluegreen          Privacy  |  Legal  |  Terms  |  Unsubscribe          

COPYRIGHT ® 2013 BLUEGREEN VACATIONS UNLIMITED, INC. ALL RIGHTS RESERVED.

Please add resorts@bluegreenemail.com to your address book.

PLEASE DO NOT REPLY TO THIS EMAIL, as this email address is not monitored. If you have questions about this email or Bluegreen in general, contact us. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way North, Suite 100, Boca Raton, FL 33431. Bluegreen, Bluegreen Resorts, Bluegreen Vacation Club, Colorful Places to Play and their respective logos are registered trademarks and/or service marks of Bluegreen Corporation and are used under license. All other trademarks, service marks and/or logos remain the property of their respective owners. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way N, Suite 100, Boca Raton, FL 33431, is a licensed Florida Seller of Travel, Reg. No. ST36225. California Seller of Travel, Reg. No. 2083124-50 (Registration as a seller of travel does not constitute approval by the State of California) and Washington Seller of Travel, Reg. No. 602511860. Void where prohibited by law and where registration and/or licensing requirements have not yet been met.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING THE SALE OF TIMESHARE INTERESTS.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING SALES OF A VACATION OWNERSHIP PLAN.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING THE SALE OF TIME-SHARE PROPERTY OR INTERESTS IN TIME-SHARE PROPERTY.

## Joel Osborne

| | |
|---|---|
| **From:** | Joel Osborne <joel@finnlawgroup.com> |
| **Sent:** | Friday, May 17, 2013 11:12 AM |
| **To:** | Michael Kaminer (Michael.Kaminer@bluegreenvacations.com) |
| **Cc:** | 'Jeremy.Spiegel@bluegreenvacations.com'; 'Michael Finn'; 'Greg C' |
| **Subject:** | Jeremy Cable & Albert Coleman |
| **Attachments:** | Accounts Coded; RE: Albert Coleman | Contract No.: 659274 |

Mr. Kaminer,

Ron with Bluegreen at 1-800-330-1361 X 22 or local (561) 912-8221 has contacted two of our clients this week after Bluegreen has been advised of our representation. I had previously asked Mr. Spiegel to code these accounts, which he did and confirmed they were each coded. See the attached email correspondence. I trust that he has in fact coded these accounts, but there seems to be some miscommunication between the two departments and the frequency has significantly increased in recent weeks.

Our firm has been patient with these communications as a result of assurances provided by Mr. Spiegel. Please confirm that all coded accounts will be exclusively communicated with our offices only going forward.

Thank you.

--

Sincerely,

Joel Osborne
Paralegal
Finn Law Group, P.A.
Joel@FinnLawGroup.com

**\*\*Our mailing address has changed. Please update your records to reflect this new information\*\***

10720 72nd Street; Suite 305
Largo, FL 33777
Toll Free: (855) 346-6529 Ext: 103
Fax: (727) 683-9571

Finn Law Group - Avvo.com   |   Michael D. Finn - Michigan Bar   |   Michael D. Finn - Florida
Bar   |   Michael D. Finn - Lawyer.com

CONFIDENTIALITY NOTICE

This email transmission from The Finn Law Group, P.A., and all content contained herein is confidential and privileged as either an Attorney-Client communication or Attorney work product. This information is intended for use by the recipient named above only. If you are not the intended recipient, use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone so that we may arrange for retrieval of any documents (if applicable) at no cost to you.

EXHIBIT

M

1

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALBERT COLEMAN III,

CASE NO. 2013-CA-012039
DIVISION:  AJ

       Plaintiff,

v.

BLUEGREEN RESORTS MANAGEMENT, INC.;
BLUEGREEN SERVICING, LLC; and
BLUEGREEN VACATIONS UNLIMITED, INC.

       Defendants.

_____/

## DEFENDANTS' ANSWER AND STATEMENT OF
## AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants, Bluegreen Resorts Management, Inc. ("Bluegreen Management"), Bluegreen

Servicing, LLC ("Bluegreen Servicing"), and Bluegreen Vacations Unlimited, Inc. ("Bluegreen

Vacations") (collectively, the "Defendants"), by the through undersigned counsel, file their

Answer and Statement of Affirmative Defenses to the Complaint, and state as follows:

       1.    Defendants deny the allegations contained in Paragraph 1 of the
Complaint.

       2.    Defendants deny the allegations contained in Paragraph 2 of the
Complaint.

       3.    Defendants deny the allegations contained in Paragraph 3 of the
Complaint.

       4.    Defendants admit the allegations contained in Paragraph 4 of the
Complaint.

       5.    Defendants admit the allegations contained in Paragraph 5 of the
Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint, except to admit that Bluegreen Resorts Management is involved in managing and operating Harbour Lights Resorts.

10.      Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, on that basis, deny the allegations.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, on that basis, deny the allegations.

13.      Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.      Defendants deny the allegations contained in Paragraph 14 of the Complaint.

2

15.      Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 15 of the Complaint and, on that basis, deny the allegations.

16.      In response to the allegations contained in Paragraph 16 of the Complaint, Defendants admit that the document attached to the Complaint as Exhibit "G" speaks for itself. The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

17.      In response to the allegations contained in Paragraph 17 of the Complaint, Defendants admit that the document attached to the Complaint as Exhibit "H" speaks for itself. The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

18.      In response to the allegations contained in Paragraph 18 of the Complaint, Defendants state that the document attached to the Complaint as Exhibit "I" speaks for itself. The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

19.      In response to the allegations contained in Paragraph 19 of the Complaint, Defendants state that the document attached to the Complaint as Exhibit "I" speaks for itself. The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

20.      The allegations contained in Paragraph 20 of the Complaint call for legal analysis and conclusion and, therefore, no response is required.  To the extent a response is required, the allegations are denied.

21.      In response to the allegations contained in Paragraph 21 of the Complaint, Defendants state that the document attached to the Complaint as Exhibit "J" speaks for itself. The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

22.     In response to the allegations contained in Paragraph 22 of the Complaint, Defendants admit that the document attached to the Complaint as Exhibit "K" speaks for itself. The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

23.     In response to the allegations contained in Paragraph 23 of the Complaint, Defendants state that the document attached to the Complaint as Exhibit "L" speaks for itself. The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

24.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 24 of the Complaint and, on that basis, deny the allegations.

25.     In response to the allegations contained in Paragraph 25 of the Complaint, Defendants state that the document attached to the Complaint as Exhibit "M" speaks for itself. The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

26.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 26 of the Complaint and, on that basis, deny the allegations.

27.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 27 of the Complaint and, on that basis, deny the allegations.

## COUNT I – VIOLATION OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT (FCCPA) AGAINST BLUEGREEN MANAGEMENT

28.     Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 27 above for their response to Paragraph 28 of the Complaint.

29.     In response to the allegations contained in Paragraph 29 of the Complaint. Defendants state that the Florida Consumer Collection Practices Act speaks for itself.   The remaining allegations or inferences contained in this paragraph of the Complaint are denied.

30.     The allegations contained in Paragraph 30 of the Complaint call for legal analysis and conclusion and, therefore, no response is required.  To the extent such allegations require a response, they are denied.

31.     The allegations contained in Paragraph 31 of the Complaint call for legal analysis and conclusion and, therefore, no response is required.  To the extent such allegations require a response, they are denied.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 34 of the Complaint.

## COUNT II – VIOLATION OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT (FCCPA) AGAINST BLUEGREEN SERVICING

35.     Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 27 above for their response to Paragraph 35 of the Complaint.

36.     In response to the allegations contained in Paragraph 36 of the Complaint. Defendants state that the Florida Consumer Collection Practices Act speaks for itself and that the

allegation calls for a legal analysis and conclusion and, therefore, no response is required.  To the extent such allegations require a response, they are denied.

37.     The allegations contained in Paragraph 37 of the Complaint call for legal analysis and conclusion and, therefore, no response is required.  To the extent such allegations require a response, they are denied.

38.     The allegations contained in Paragraph 38 of the Complaint call for legal analysis and conclusion and, therefore, no response is required.  To the extent such allegations require a response, they are denied.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 41 of the Complaint.

## COUNT III – VIOLATION OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT (FCCPA) AGAINST BLUEGREEN VACATIONS

42.     Defendants incorporate by reference, as if fully set forth herein, their responses to Paragraphs 1 through 27 above for their response to Paragraph 42 of the Complaint.

43.     In response to the allegations contained in Paragraph 43 of the Complaint. Defendants state that the Florida Consumer Collection Practices Act speaks for itself and that the allegation calls for a legal analysis and conclusion and, therefore, no response is required.  To the extent such allegations require a response, they are denied.

6

44.     The allegations contained in Paragraph 44 of the Complaint call for legal analysis and conclusion and, therefore, no response is required.  To the extent such allegations require a response, they are denied.

45.     The allegations contained in Paragraph 45 of the Complaint call for legal analysis and conclusion and, therefore, no response is required.  To the extent such allegations require a response, they are denied.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 48 of the Complaint.

WHEREFORE, Defendants therefore respectfully request that the Court enter judgment in favor of Defendants, and against Plaintiff, and award Defendants their reasonable attorneys' fees and costs incurred in connection with this case.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendants and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Defendants.

## SECOND AFFIRMATIVE DEFENSE

Defendants are not "debt collectors" as that term is defined by Florida's Consumer Collection Practices Act.

## THIRD AFFIRMATIVE DEFENSE

Defendants are not a "consumer collection agency" as that term is defined by Florida's Consumer Collection Practices Act.

## FOURTH AFFIRMATIVE DEFENSE

The Finn Law Group's services at issue here are more akin to a credit repair company, as opposed to a law firm providing true legal representation to clients.

## FIFTH AFFIRMATIVE DEFENSE

To the extent any violation of Florida's Consumer Collections Practices Act occurred, which Defendants expressly deny, the violation was unintentional and resulted from bona fide error.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff knowingly and deliberately defaulted on the debt owed.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred from recovery of any damages because any damages Plaintiff suffered is a direct and proximate result of Plaintiff's own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants assert that at all times Defendants acted in good faith and had good faith policies and procedures to prevent the type of violations Plaintiff has here alleged.

## BURDEN OF PROOF NOT ASSUMED

By raising certain matters as defenses, Defendants do not thereby assume the burden of proof with respect to those matters to the extent that they are not defenses, but rather an element of Plaintiff's claims.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses as may be necessary once Plaintiff discloses further information regarding his claims.

## REQUEST FOR RELIEF

For the foregoing reasons, Defendants respectfully request that the Court enter judgment in favor of the Defendants and against Plaintiff, and award Defendants the attorneys' fees and costs they incur in this action, as well as such other relief this Court deems just and proper

DATED:  September 2, 2013

Respectfully submitted,

**Atherton Law Group, P.A.**

*Scott W. Atherton*
Scott W. Atherton, Esq.
Florida Bar No. 749591
scott@athertonlg.com
S. Jordan Rappaport
Florida Bar No. 0811041
jordan@athertonlg.com
**ATHERTON LAW GROUP, P.A.**
224 Datura Street, Suite 815
West Palm Beach, Florida 33401

*Attorneys for Defendants*

9

CASE NO. 2013-CA-012039

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of September, 2013, a true and correct copy of

the foregoing was served via e-mail upon Plaintiff's counsel as follows:

Patrick Kennedy, Esq.
*Pleadings@Finnlawgroup.com*
*Patrick@Finnlawgroup.com*
*Michael@Finnlawgroup.com*
Finn Law Group, P.A.
10720 72nd Street, Suite 305
Largo, Florida 33777


*Scott W. Atherton*
Scott W. Atherton

10

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

ALBERT COLEMAN III,
an individual,

      Plaintiffs,

v.                                                                Case Number: 2013-CA-012039


BLUEGREEN RESORTS MANAGEMENT, INC.,
BLUEGREEN SERVICING, LLC, and
BLUEGREEN VACATIONS UNLIMITED, INC.

      Defendants.
_____/

## AMENDED[1] COMPLAINT

    **COMES NOW**, Plaintiff, ALBERT COLEMAN III (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendants, BLUEGREEN RESORTS MANAGEMENT, INC., BLUEGREEN SERVICING, LLC, and BLUEGREEN VACATIONS UNLIMITED, INC. (hereinafter, collectively "Defendants") and states as follows:

## PRELIMINARY STATEMENT

    This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227(b) *et seq*. (hereinafter the "TCPA").

## JURISDICTION, VENUE & PARTIES

    1.    This is an action for damages that exceeds $15,000.00, exclusive of attorneys' fees and costs.

    2.    Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77 and 26.012 as well as 47 United States Code, Section 227(b)(3).

---

[1] This Amended Complaint is filed with the Defendants' written consent pursuant to Rule 1.190(a), Florida Rules of Civil Procedure.

3.      Venue in this District in proper in that the Defendants transact business here, and the conduct complained of occurred here.

4.      Plaintiff is a "consumer" as defined by the FCCPA.

5.      Plaintiff is the owner, possessor, and user of a cellular telephone with assigned number 912.678.1780.

6.      At all material times herein, the conduct of the Defendants, complained of below, occurred in Palm Beach County, Florida.

7.      Defendant, Bluegreen Resorts Management, Inc. (hereinafter referred to as "BRM"), is engaged in the timeshare and interval resort vacation business and is licensed to do business within the state of Florida.

8.      Defendant, Bluegreen Servicing, LLC (hereinafter referred to as "BS"), is engaged in the timeshare and interval resort vacation business and is licensed to do business within the state of Florida.

9.      Bluegreen Vacations Unlimited, Inc. (hereinafter referred to as "BVU") is the managing member of BS.

10.     BRM, BS, and BVU are wholly-owned subsidiaries of Bluegreen Corporation (hereinafter referred to as "Bluegreen").

11.     BRM, BS, BVU, and Bluegreen have their principal address listed at 4960 Conference Way North, Suite 100, Boca Raton, Palm Beach County, Florida.

12.     Michael Kaminer is an officer and the General Counsel of Bluegreen, as well as an officer of BRM and BVU.

13.     Jeremy Spiegel is a corporate counsel for Bluegreen's legal department, under the direction of Michael Kaminer.

## GENERAL ALLEGATIONS

14.     At all times herein, Defendants are each a "creditor" as defined by Florida Statutes, Section 559.55(3).

15.     At all times herein, Defendants attempted to collect Plaintiff's debt, specifically mortgage installment payments and/or maintenance fees and assessments related to Plaintiff's purchase of a timeshare interest from BVU at Harbour Lights Resort located in Myrtcle Beach, South Carolina on or about February 22, 2011 (hereinafter, the "Debt").

16.     At all times herein, the Debt was consumer debt, incurred by Plaintiffs primarily for personal, household, or family use.

17.     At all times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55(5).

18.     At all times herein, Defendants were each a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. § 559.55(3); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

19.     At all times herein, Defendants acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

20.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages to each Plaintiff per independent, temporally displaced violation, plus actual damages and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter.

21.     Title 47 of the United States Code, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made by an automatic telephone dialing system to Plaintiff's cellular telephone in violation of the TCPA or the regulations proscribed under the TCPA.

22.     Additionally, 47 U.S.C., Section 227(b)(3) allows the trial court to increase the statutory damages up to three times (3x) for each telephone call made by an automatic telephone dialing system to Plaintiff's cellular telephones, knowingly and willfully made in violation of the TCPA or the regulations proscribed under the TCPA.

23.     At all times herein, Defendants had knowledge of the TCPA and its terms and prohibitions.

24.     At all times herein, it would have been possible for Defendants to avoid violating the terms of the TCPA.

25.     Defendants' telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephones using an automatic telephone dialing system or an artificial or pre-recorded voice, and were made in willful and knowing violation of the TCPA.

26.     As of the date of this complaint, Defendants have not initiated a lawsuit in their efforts to collect the Debt from Plaintiff. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants with regard to Plaintiff.

27.     All conditions precedent to the filing of the action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

28.     At all material times hereto, the only monies owed in connection with Plaintiff's Debt are installment payments, including interest, toward his timeshare interest and maintenance fees.

29.     On or about February 26, 2013, Plaintiff hired Finn Law Group, P.A. ("Finn") to represent him with respect to negotiating a settlement of the Debt he purportedly owed and to terminate his timeshare agreements with Defendants.

30.     On or about March 1, 2013, Finn sent Defendants a letter (hereinafter referred to as the "Representation Letter") advising Defendants that Finn represented Plaintiff with respect to his timeshare interest and attached a Power of Attorney.

31.     The Representation Letter was printed on Finn letterhead so that the name and address of Plaintiff's attorney was readily ascertainable and provided a means for Defendants to contact Finn.  A true and correct copy of the Representation Letter has been attached hereto as Exhibit "A."

32.     The Representation Letter and attached Power of Attorney gave Defendants actual notice that Finn represented Plaintiff for matters with respect to his timeshare interest, including for "indebtedness."

33.     Neither Finn nor Plaintiff subsequently gave Defendants permission to communicate directly with Plaintiff regarding the Debt.

34.     Plaintiff did not initiate any communications with respect to the Debt with Defendants after he retained Finn.

35.     To the extent that any Defendant ever had prior express consent to contact Plaintiff via the use of an automatic telephone dialing system,[2] such consent was revoked upon Defendants' receipt of the Representation Letter and Power of Attorney.  *See* Fla. Stat. § 559.72(18) (prohibiting direct communications to a consumer known to be represented by an

---

[2] Plaintiff denies such prior express consent ever existed.

4

attorney with respect to a consumer debt); *Osario v. State Farm*, 859 F.Supp. 2d 1326, 1331 (S.D. Fla. 2012); *Cardoso v. Suncoast Schs.*, 2012 U.S. Dist. LEXIS 173168 (M.D. Fla. Dec. 6, 2012) (holding that prior express consent under the TCPA can be revoked in writing).

36.    All calls to Plaintiff after Defendants' receipt of the Representation Letter and Power of Attorney were made in knowing and willful violation of the TCPA.

37.    On or about April 2, 2013, despite having actual knowledge that Finn represented Plaintiff with respect to the Debt, BRM sent a collection letter (hereinafter referred to as the "Maintenance Fee Bill Letter") directly to Plaintiff in an attempt to collect the Debt**.**  A true and correct copy of the Coleman Maintenance Fee Bill Letter has been attached hereto as Exhibit "B."

38.    On or about April 10, 2013, despite having actual knowledge that Finn represented Plaintiff with respect to the Debt, BRM and BVU sent a collection letter (hereinafter referred to as the "First Past Due Notice Letter") directly to Plaintiff in an attempt to collect the Debt.  A true and correct copy of the First Past Due Notice Letter has been attached hereto as Exhibit "C."

39.    On or about April 12, 2013, Finn e-mailed Jeremy Spiegel of Bluegreen's legal department regarding the Maintenance Fee Bill Letter and the First Past Due Notice Letter.  Finn reiterated its representation of Plaintiff and requested that Plaintiff's account be coded accordingly.  A true and correct copy of said e-mail has been attached hereto as Exhibit "D."

40.    On or about April 12, 2013, Jeremy Spiegel of Bluegreen's legal department responded via e-mail to Finn stating that Plaintiff's account "was already coded."  *See* Exhibit "D."

41.    Commencing approximately in the month of May 2013, and continuing through approximately July 2013, Defendant BS continually and repeatedly placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS"), predictive telephone dialing system ("PTDS"), or artificial or pre-recorded voice ("APV") as those terms are defined by the TCPA.

42.    On or about May 1, 2013, despite having actual knowledge that Finn represented Plaintiff with regard to the Debt, Gina Anderson—a BS employee or representative—placed a call to Plaintiff's cellular telephone in an attempt to collect the Debt.

5

43.     The immediately-aforementioned call was placed using an ATDS, PTDS, or APV.

44.     During the May 1, 2013 call, Defendant BS left a voicemail message regarding collection of the Debt.

45.     On or about May 3, 2013, Finn again e-mailed Jeremy Spiegel of Bluegreen's legal department regarding Defendants' continued direct communications with Plaintiff regarding collection of the Debt.  Finn reiterated its representation of Plaintiff.  A true and correct copy of said e-mail has been attached hereto as Exhibit "E."

46.     On or about May 8, 2013, despite having actual knowledge that Finn represented Plaintiff with regard to the Debt, BRM and BVU sent another collection letter (hereinafter referred to as the "Second Past Due Notice Letter") directly to Plaintiff in an attempt to collect the Debt.  A true and correct copy of the Second Past Due Notice Letter has been attached hereto as Exhibit "F."

47.     On or about May 10, 2013, Finn again e-mailed Jeremy Spiegel of Bluegreen's legal department regarding Defendants' continued direct communications with Plaintiff regarding collection of the Debt.   Finn again requested the discontinuance of these communications.  A true and correct copy of said e-mail has been attached hereto as Exhibit "G."

48.     On or about May 15, 2013, despite having actual knowledge that Finn represented Plaintiff with regard to the Debt, Ron—a BS representative or employee—placed a call to Plaintiff's cellular telephone in an attempt to collect the Debt.

49.     The immediately-aforementioned call was placed using an ATDS, PTDS, or APV.

50.     During the May 15, 2013 call, Ron left a voicemail message regarding collection of the Debt.

51.     On or about May 17, 2013, Finn e-mailed Michael Kaminer, Bluegreen's Senior Vice President and General Counsel, regarding Defendants' continued direct communications with Plaintiff in connection with collection of the Debt.  Finn again requested that Plaintiff's account again be coded to reflect Finn's representation.  A true and correct copy of said e-mail has been attached hereto as Exhibit "H."

52.     On or about June 19, 2013, at approximately 4:03pm EST, despite having actual knowledge that Finn represented Plaintiff with regard to the Debt, Ron—a BS representative or employee—placed a call to Plaintiff's cellular telephone in an attempt to collect the Debt.

53.     The immediately-aforementioned call was placed using an ATDS, PTDS, or APV and was placed from telephone number 1.800.330.1361 or 561.912.8221.

54.     During the June 19, 2013 call, Ron left a voicemail message regarding collection of the Debt.

55.     On or about June 20, 2013, at approximately 4:45pm EST, despite having actual knowledge that Finn represented Plaintiff with regard to the Debt, Ron—a BS representative or employee—placed a call to Plaintiff's cellular telephone in an attempt to collect the Debt.

56.     The immediately-aforementioned call was placed using an ATDS, PTDS, or APV and was placed from telephone number 1.800.330.1361 or 561.912.8221.

57.     During the June 20, 2013 call, Ron left a voicemail message regarding collection of the Debt.

58.     Plaintiff has not been able, due to professional and personal commitments, as well as the continued and increasing stress associated with the barrage of Debt collection communications, to record specific details of each and every call BS made to Plaintiff's cellular telephone using an ATDS, PTDS, or APV.

59.     Plaintiff asserts, however, that the above-referenced calls are but a subset of the calls placed to Plaintiff's cellular telephone in violation of the FCCPA and TCPA.  Defendants are in the best position to determine and ascertain the total number and methodology of the calls made to Plaintiff.

60.     As a direct result of Defendants' actions, Plaintiff has suffered stress, anxiety, inconvenience, frustration, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through one sixty (60) as if fully stated herein and further states as follows:

7

61.     Defendants are each subject to, and have violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after being given actual notice and having actual knowledge that Plaintiff was represented by counsel with regard to the underlying Debt.

62.     Specifically, despite having actual knowledge that Finn represented Plaintiff with respect to the Debt, Defendants BRM and BVU repeatedly sent Plaintiff collection letters in their attempts to collect the Debt.  *See* Exhibits "B," "C," and "F."

63.     Additionally, despite having actual knowledge that Finn represented Plaintiff with regard to the Debt, Defendant BS repeatedly called Plaintiff directly in its attempts to collect the Debt.  *See supra* paragraphs 41-43, 47-49, and 51-56.

64.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages per independent, temporally displaced violation, costs, actual damages, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)</u>**

Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through one-sixty (60) as is fully stated herein and further state as follows:

65.     Defendants are each subject to, and have violated provisions of, Florida Statutes, Section 559.72(7) by collecting the Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

66.     Specifically, despite having actual knowledge that Finn represented Plaintiff with respect to the Debt, Defendants continually and repeatedly communicated directly with Plaintiff in an attempt to abuse and harass Plaintiff into paying the Debt.

67.     Such communications, given repeated notice of Finn's representation and requests for such communications to cease and desist, were intentionally placed with such frequency as can reasonably be expected to have abused or harassed Plaintiff.

68.     Defendants' willful and flagrant violations of, *inter alia*, the Florida Consumer Collections Practices Act, as a means to collect a Debt, constitute unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

69.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT THREE:**
**TELEPHONE COMMUNICATIONS PROTECTION ACT-**
**VIOLATION OF 47 U.S.C. SECTION 227(b)(1)(A)**

Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through one-sixty (60) as if fully stated herein and further states as follows:

70.     Defendant BS is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to Plaintiff's telephone number assigned to Plaintiff's cellular telephone services without Plaintiff's prior express consent.

71.     Specifically, Defendant BS repeatedly placed auto-dialed calls to the Plaintiff's cellular telephone from approximately May 2013 through at least July 2013 without prior express consent.

72.     To the extent Defendants assert that such prior express consent ever existed—which the Plaintiff will deny—such consent was revoked upon the Defendants' receipt of actual notice that Finn represented Plaintiff with respect to the Debt.

73.     The conduct of Defendant BS complained of herein is the result of repeated, willful, and knowing violations of the TCPA.

74.     As a direct and proximate result of the Defendants' conduct, Plaintiffs has suffered:

a.      The periodic loss of his cellular phone service;

b.      Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract;

c.      The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d.      Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

9

e.      Statutory damages.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against Defendant BS for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, including but limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

75.     Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully submitted,

**LEAVENGOOD, DAUVAL & BOYLE, P.A.**

 /s/ Aaron M. Swift
**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**Aaron M. Swift, Esq., FBN 93088**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax:  (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiffs*

and

**FINN LAW GROUP, P.A.**

**Patrick A. Kennedy, Esq., FBN 97973**
**Michael D. Finn, Esq., FBN 89029**
10720 72nd Street, Suite 305
Largo, FL 33777
Phone:  (727) 214-0700
Fax:  (727) 475-1494
pleadings@finnlawgroup.com
patrick@finnlawgroup.com
michaelfinn@finnlawgroup.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May 2014, I electronically filed and then

served via e-mail the foregoing *Amended Complaint* upon:

**ATHERTON LAW GROUP, P.A.**
SCOTT W. ATHERTON
Florida Bar No. 0749591
Primary E-mail: scott@athertonlg.com
Secondary E-email: e-service@athertonlg.com
S. JORDAN RAPPAPORT
Florida Bar No. 0811041
Primary E-mail: jordan@athertonlg.com
Secondary E-email: e-service@athertonlg.com
224 Datura Street, Suite 815
West Palm Beach, Florida 33401
Telephone: 561-293-2530
Facsimile: 561-293-2593
*Attorneys for Defendants*


/s/ Aaron M. Swift
Attorney



**FINN LAW GROUP**

— REAL ESTATE LAW —

March 1, 2013

Bluegreen Corporation
Legal Department
4960 Conference Way North, Suite 100
Boca Raton, FL 33431

Sent Certified Mail, Tracking No.: 7012 2210 0000 6570 0832

Re:     My Client/Your Purchaser, Albert Colemann III
        Contract No.: ▆9274
        Prospective Fraud and Deceptive Sales Practice Claim(s) and/or other relevant grounds for
        contract termination, cancellation, or rescission

Dear Relevant Person:

My client has retained my offices to explore the possibilities of lawfully terminating his agreement with
your organization. My role at this point is to review all applicable sales contracts, sales literature,
advertising, offering prospectus, state and federal statutes, etc. pertaining to the transaction to best
advise my client as to the most efficient and appropriate methodology to accomplish that purpose.

My initial, and somewhat cursory, review of the documents provided by my client, which admittedly,
may not be the sum total of all documentation relevant to a fair determination of the issues, combined
with my review of the relevant federal and state statutes including US Code Title 15 Sect.# 45 (A)(1)(FTC
enforcement) as well as the specific rights/duties as promulgated in South Carolina Statute SCC Sect §
37-1-103; § 39-5-20 and § 39-5-70 (The Vacation Ownership and Time Share Act of 2004), indicates the
possibility that my client may not have received the benefit of his bargain, and may therefore have been
'victimized' by deceptive sales practices and/or misrepresentation prior to and during the pendency of
his transaction with your organization, and/or your agents, some of whom are licensed real estate
brokers, who have their own professional responsibilities with regard to fair treatment of timeshare
purchasers.

It's important to emphasize at this point that my investigation is incomplete, and until I have reviewed
all relevant documents, that I have reached no conclusions as to this particular transaction. Further,
depending upon the location and/or situs of the contract in question, my professional involvement may
be limited to research, negotiation, and/or referral to local counsel if same is deemed necessary. Prior to
completing my internal investigation for further action, I wish to insure my investigation and
recommendations are as complete and accurate as possible. Correspondingly, with the written
authorization attached herewith, I respectfully request that you provide copies of all signed contracts,
disclosures, other documentation, public offering statement(s), written promotional and advertising
materials, and any other information, written or otherwise, that you may deem relevant to this
investigation.



EXHIBIT
A1

Additionally, as above referenced, since South Carolina Law provides for the involvement of licensed Real Estate Brokers as well as and further, because our limited investigation to date has revealed failure by these licensed individuals to advise purchasers of actual value that may well border on misrepresentation and/or failure of a duty, demand is hereby made for the names, current mailing address and license type and license numbers for all state licensed professionals involved in this particular transaction.

Further, be advised that my client, no longer intend to make further payments to your Company, as he alleges the terms of Contract No. ██8638 were fraudulently and/or deceptively represented at the time of sale and/or another reason exists for nonpayment such as purchasers' inability to continue to fund his purchase. Also, be advised that my client no longer authorize your Company to make automatic withdrawals from his personal debit/credit card or bank account (if previously authorized to do so), effective immediately.

Should you wish to discuss an offer of release, or other form of termination of my client's purported contract, in exchange for a waiver of claim/release for any compensatory and/or punitive damages, I am authorized as my above referenced client's representative, to engage in mutual resolution discussions, subject, of course, to his ultimate concurrence in a mutually agreeable exit scenario.
During the pendency of our representation we respectfully request that you limit your communications regarding this matter exclusively to these offices.

In any event, your prompt response to this communication with all relevant documentation will be most appreciated. I will advise my client to delay any further action for about thirty days to await your position on this matter.

Very truly yours,

Michael D. Finn
MDF/epc
cc: client
Enclosure



EXHIBIT
A2

Powered by GoldFax   6/3/2013   08:38   *Bulloch County School District*   *Page 3/3*

**Account Inquiry**
Phone: 800-456-CLUB(2582)
Make payments and update your
account information online at
www.bluegreenonline.com



**Bluegreen Vacation Club**
Statement Date:    4/02/2013
Owner Number:    ●●9274

ALBERT F COLEMAN III
ESQ MICHAEL D FINN
8729 CLITO RD
STATESBORO, GA 30461

| Owner Summary | |
|---|---|
| Previous Balance: | $0.00 |
| Payments: | $0.00 |
| Current Charges: | $742.80 |
| Late Fees/Finance Chgs: | $84.73 |
| Adjustments: | ($83.71) |
| **New Balance:** | **$743.82** |

| Account # | Date Billed | Description | Amount | Due Date |
|---|---|---|---|---|
| ●●23AE | 2/01/2013 | VC Dues_ | $129.00 | 3/15/2013 |
| | 2/01/2013 | Maintenance_2013 | $475.75 | 3/15/2013 |
| | 2/01/2013 | RE Tax_ | $16.80 | 3/15/2013 |
| | 2/01/2013 | Voluntary ARDA | $5.00 | |
| | 4/02/2013 | VC Dues LtFee_ | $25.00 | |
| | 4/02/2013 | Finance Chg_ | $9.32 | |
| | 4/02/2013 | Late Fee_ | $25.00 | |
| ●●23BE | 2/01/2013 | Maintenance_2013 | $111.25 | 3/15/2013 |
| | 2/01/2013 | Voluntary ARDA | $5.00 | |
| | 2/28/2013 | Adjustment | ($83.71) | |
| | 4/02/2013 | Finance Chg_ | $0.41 | |
| | 4/02/2013 | Late Fee_ | $25.00 | |

Total    $743.82

---

Please detach and return this portion with your check payment made payable to:    **Bluegreen Vacation Club**

☐ Enter an X if your address has changed and enter new address on reverse side.

If you would like to pay your balance with a credit card, please visit our website at
www.bluegreenonline.com

ALBERT F COLEMAN III
ESQ MICHAEL D FINN
8729 CLITO RD
STATESBORO, GA 30461

Statement Date:    4/02/2013
Owner Number:    ●●9274
Association ID:    ●

●●●●●9274-9

*Please make sure this address appears in the window of
the return envelope:*

Bluegreen Vacation Club
Bluegreen Resorts Management, Inc.
PO Box 105192
Atlanta, GA 30348-5192

Amount Due:    **$743.82**
Amount Paid: $ ☐☐☐☐.☐☐

99 0000●● ●●●●●●●●9274 9 0000000000000 0 0074382 6 040213 8

EXHIBIT
B

124

---------- Forwarded message ------   --
From: **Bluegreen Resorts** <resorts@bluegreenemail.com>
Date: Wed, Apr 10, 2013 at 6:49 PM
Subject: Past Due Maintenance Fee Notice
To: █████████████████████

**bluegreen** resorts                                    View in browser  |  Visit our website



**ACCOUNT INFORMATION**

**Owner Name:**
Albert Coleman

**Owner Number:**
██9274

**Pay Online 24/7:**
BluegreenOnline.com

**Pay By Telephone:**
800.456.CLUB (2582), Option 2

**Hours of Operation:**
*Monday - Friday*
8 a.m. to 9 p.m. EST
*Saturday*
9 a.m. to 5:30 p.m. EST

**Your Maintenance Fees are Past Due!**

Albert,

We know that it's easy to lose track of time and overlook things when you're busy. That's why we're sending you this friendly reminder that your Maintenance Fee payment is now past due. To bring your account up to date as quickly as possible, we encourage you to utilize the convenience of paying your balance online.

If you're not enrolled, you will need to visit Bluegreen Online to register today.

Until we receive your payment, your reservation privileges have been placed on hold. Once your payment has been received in full, we will reactivate and restore your ownership privileges as well as your ability to make reservations.

## **Pay Your Maintenance Fees Today** »

You can also call **800.456.CLUB(2582)** to make a payment and reinstate your ownership privileges.

Sincerely,
Bluegreen Resorts Management, Inc.



Privacy  |  Legal  |  Terms  |  Unsubscribe



COPYRIGHT ® 2013 BLUEGREEN VACATIONS UNLIMITED, INC. ALL RIGHTS RESERVED.

Please add resorts@bluegreenemail.com to your address book.

PLEASE DO NOT REPLY TO THIS EMAIL, as this email address is not monitored. If you have questions about this email or Bluegreen in general, contact us. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way North, Suite 100, Boca Raton, FL 33431. Bluegreen, Bluegreen Resorts, Bluegreen Vacation Club, Colorful Places to Play and their respective logos are registered trademarks and/or service marks of Bluegreen Corporation and are used under license. All other trademarks, service marks and/or logos remain the property of their respective owners. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way N, Suite 100, Boca Raton, FL 33431, is a licensed Florida Seller of Travel, Reg. No. ST36225, California Seller of Travel, Reg. No. 2083124-50 (Registration as a seller of travel does not constitute approval by the State of California)

## Joel Osborne

| | |
|---|---|
| **From:** | Jeremy Spiegel <Jeremy.Spiegel@bluegreencorp.com> |
| **Sent:** | Friday, April 12, 2013 5:19 PM |
| **To:** | Joel Osborne |
| **Subject:** | RE: Albert Coleman | Contract No.: ●9274 |

Joel:

The account was already coded.

If Mr. Coleman is still receiving correspondence from Bluegreen then please scan and forward to my attention so that I can address with the respective department.

Thanks.

**Jeremy P. Spiegel**
Corporate Counsel
**Bluegreen Corporation**
4960 Conference Way North, Suite 100
Boca Raton, Florida 33431
Telephone: (561) 443-8713
Facsimile: (561) 912-8299
Jeremy.Spiegel@Bluegreencorp.com

**From:** Joel Osborne [mailto:joel@finnlawgroup.com]
**Sent:** Friday, April 12, 2013 2:27 PM
**To:** Jeremy Spiegel
**Subject:** Albert Coleman | Contract No.: ●9274

Jeremy,

Please code Mr. Coleman's account. Thanks.

--

Sincerely,

Joel Osborne
Paralegal
Finn Law Group, P.A.
Joel@FinnLawGroup.com

10810 72nd Street; Suite 210
Largo, FL 33777
Toll Free: (855) 346-6529 Ext: 103
Fax: (727) 683-9571

**Finn Law Group - Avvo.com** | **Michael D. Finn - Michigan Bar** | **Michael D. Finn - Florida Bar** | **Michael D. Finn - Lawyer.com**

EXHIBIT
D

## Joel Osborne

| | |
|---|---|
| **From:** | Joel Osborne <joel@finnlawgroup.com> |
| **Sent:** | Friday, May 03, 2013 8:40 AM |
| **To:** | Jeremy Spiegel (Jeremy.Spiegel@bluegreencorp.com) |
| **Subject:** | Albert Coleman | Contract No.: ●9274 |

Jeremy,

Mr. Coleman received a phone call from Gina Anderson at 1-888-673-8767, option 1. I left her a message to return my call, but I wanted you to be aware of the situation.

Let's talk tomorrow and go over some files I emailed specifics on.

Have a good evening.

--

Sincerely,

Joel Osborne
Paralegal
Finn Law Group, P.A.
Joel@FinnLawGroup.com

Our mailing address has changed. Please update your records to reflect this new information

10720 72nd Street; Suite 305
Largo, FL 33777
Toll Free: (855) 346-6529 Ext: 103
Fax: (727) 683-9571

**Finn Law Group - Avvo.com** | **Michael D. Finn - Michigan Bar** | **Michael D. Finn - Florida Bar** | **Michael D. Finn - Lawyer.com**

CONFIDENTIALITY NOTICE

This email transmission from The Finn Law Group, P.A., and all content contained herein is confidential and privileged as either an Attorney-Client communication or Attorney work product. This information is intended for use by the recipient named above only. If you are not the intended recipient, use of the contents of this information is prohibited. If you have received this transmission in error, please notify us by telephone so that we may arrange for retrieval of any documents (if applicable) at no cost to you.



EXHIBIT
E

1

**Joel Osborne**

| | |
|---|---|
| **From:** | Al Coleman < ██████████ > |
| **Sent:** | Thursday, May 09, 2013 12:05 AM |
| **To:** | Joel Osborne |
| **Subject:** | Fwd: Overdue Account Notice - Restore Today! |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Wednesday night

Hello Joel:

Received this email today from Bluegreen.

Al Coleman

██████████


---------- Forwarded message ----------
From: "Bluegreen Resorts" <resorts@bluegreenemail.com>
Date: May 8, 2013 4:58 PM
Subject: Overdue Account Notice - Restore Today!
To: < ██████████ >
Cc:





1

**ACCOUNT INFORMATION**

**Owner Name:**
Albert Coleman

**Owner Number:**
●9274

**Pay Online 24/7:**
BluegreenOnline.com

**Pay By Telephone:**
800.456 CLUB (2582), Option 2

**Hours of Operation:**
*Monday - Friday*
8 a.m. to 9 p.m. EST
*Saturday*
9 a.m. to 5:30 p.m. EST

**Second Reminder, Your Maintenance Fee Payment is Past Due!**

Albert,

This email is to advise you that your Maintenance Fee payment is now 54 days past due. Until we receive your payment, your reservation privileges have been placed on hold. Your account is now in jeopardy of having all future reservations cancelled and ownership privileges suspended.

Once your payment has been received in full, we will reactivate and restore your ability to make reservations.

To pay your past-due balance in full, simply login to your account today. You can also call **800.456.CLUB(2582)** to make a payment and reinstate your ownership privileges.

## Pay Your Maintenance Fees Today »

Sincerely,
Bluegreen Resorts Management, Inc.



Privacy  |  Legal  |  Terms  |  Unsubscribe

COPYRIGHT ® 2013 BLUEGREEN VACATIONS UNLIMITED, INC. ALL RIGHTS RESERVED.

Please add resorts@bluegreenemail.com to your address book.

PLEASE DO NOT REPLY TO THIS EMAIL, as this email address is not monitored. If you have questions about this email or Bluegreen in general, contact us. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way North, Suite 100, Boca Raton, FL 33131. Bluegreen, Bluegreen Resorts, Bluegreen Vacation Club, Colorful Places to Play and their respective logos are registered trademarks and/or service marks of Bluegreen Corporation and are used under license. All other trademarks, service marks and/or logos remain the property of their respective owners. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way N, Suite 100, Boca Raton, FL 33431, is a licensed Florida Seller of Travel, Reg. No. ST36225. California Seller of Travel, Reg. No. 2083124-50 (Registration as a seller of travel does not constitute approval by the State of California) and Washington Seller of Travel, Reg. No. 602511860. Void where prohibited by law and where registration and/or licensing requirements have not yet been met.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING THE SALE OF TIMESHARE INTERESTS.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING SALES OF A VACATION OWNERSHIP PLAN.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING THE SALE OF TIME-SHARE PROPERTY OR INTERESTS IN TIME-SHARE PROPERTY.



EXHIBIT
**F2**

## Joel Osborne

| | |
|---|---|
| **From:** | Joel Osborne <joel@finnlawgroup.com> |
| **Sent:** | Friday, May 10, 2013 3:18 PM |
| **To:** | Jeremy Spiegel (Jeremy.Spiegel@bluegreencorp.com) |
| **Subject:** | Al Coleman \| Contract No.: ●9274 |

Jeremy,

Could you get these emails to stop? I understand it is an automated email, but it's still an attempt to collect a debt and is prohibited under FS 559.72(18).

Thank and have a great day!
--

Sincerely,

Joel Osborne
Paralegal
Finn Law Group, P.A.
Joel@FinnLawGroup.com

**\*\*Our mailing address has changed. Please update your records to reflect this new information\*\***

10720 72nd Street; Suite 305
Largo, FL 33777
Toll Free: (855) 346-6529 Ext: 103
Fax: (727) 683-9571

**Finn Law Group - Avvo.com**   |   **Michael D. Finn - Michigan Bar**   |   **Michael D. Finn - Florida Bar**   |   **Michael D. Finn - Lawyer.com**

CONFIDENTIALITY NOTICE

This email transmission from The Finn Law Group, P.A., and all content contained herein is confidential and privileged as either an Attorney-Client communication or Attorney work product. This information is intended for use by the recipient named above only.  If you are not the intended recipient, use of the contents of this information is prohibited.  If you have received this transmission in error, please notify us by telephone so that we may arrange for retrieval of any documents (if applicable) at no cost to you.

**From:** Al Coleman [mailto:█████████████]
**Sent:** Thursday, May 09, 2013 12:05 AM
**To:** Joel Osborne
**Subject:** Fwd: Overdue Account Notice - Restore Today!

---------- Forwarded message ----------
From: "Bluegreen Resorts" <resorts@bluegreenemail.com>
Date: May 8, 2013 4:58 PM
Subject: Overdue Account Notice - Restore Today!

EXHIBIT
G1

1

To: 
Cc:



bluegreen resorts

View in browser | Visit our website

**IMPORTANT:**
**Make Your**
**Payment Now »**

---

ACCOUNT INFORMATION

**Owner Name:**
Albert Coleman

**Owner Number:**
⬤9274

**Pay Online 24/7:**
BluegreenOnline.com

**Pay By Telephone:**
800.456.CLUB (2582), Option 2

**Hours of Operation:**
Monday - Friday
8 a.m. to 9 p.m. EST
Saturday
9 a.m. to 5:30 p.m. EST

**Second Reminder, Your Maintenance Fee Payment is Past Due!**

Albert,

This email is to advise you that your Maintenance Fee payment is now 54 days past due. Until we receive your payment, your reservation privileges have been placed on hold. Your account is now in jeopardy of having all future reservations cancelled and ownership privileges suspended.

Once your payment has been received in full, we will reactivate and restore your ability to make reservations.

To pay your past-due balance in full, simply login to your account today. You can also call **800.456.CLUB(2582)** to make a payment and reinstate your ownership privileges.

## Pay Your Maintenance Fees Today »

Sincerely,
Bluegreen Resorts Management, Inc.

bluegreen

Privacy | Legal | Terms | Unsubscribe 

COPYRIGHT © 2013 BLUEGREEN VACATIONS UNLIMITED, INC. ALL RIGHTS RESERVED.

Please add resorts@bluegreenemail.com to your address book.

PLEASE DO NOT REPLY TO THIS EMAIL, as this email address is not monitored. If you have questions about this email or Bluegreen in general, contact us. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way North, Suite 100, Boca Raton, FL 33431. Bluegreen, Bluegreen Resorts, Bluegreen Vacation Club, Colorful Places to Play and their respective logos are registered trademarks and/or service marks of Bluegreen Corporation and are used under license. All other trademarks, service marks and/or logos remain the property of their respective owners. Bluegreen Vacations Unlimited, Inc., 4960 Conference Way N, Suite 100, Boca Raton, FL 33431, is a licensed Florida Seller of Travel, Reg. No. ST36225, California Seller of Travel, Reg. No. 2083124-50 (Registration as a seller of travel does not constitute approval by the State of California) and Washington Seller of Travel, Reg. No. 602511860. Void where prohibited by law and where registration and/or licensing requirements have not yet been met.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING THE SALE OF TIMESHARE INTERESTS.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING SALES OF A VACATION OWNERSHIP PLAN.

THIS ADVERTISING MATERIAL IS BEING USED FOR THE PURPOSE OF SOLICITING THE SALE OF TIME-SHARE PROPERTY OR INTERESTS IN TIME-SHARE PROPERTY.

2



EXHIBIT
G2

## Joel Osborne

| | |
|---|---|
| **From:** | Joel Osborne <joel@finnlawgroup.com> |
| **Sent:** | Friday, May 17, 2013 11:12 AM |
| **To:** | Michael Kaminer (Michael.Kaminer@bluegreenvacations.com) |
| **Cc:** | 'Jeremy.Spiegel@bluegreenvacations.com'; 'Michael Finn'; 'Greg C' |
| **Subject:** | ████████ & Albert Coleman |
| **Attachments:** | Accounts Coded; RE: Albert Coleman \| Contract No.: ██9274 |

Mr. Kaminer,

Ron with Bluegreen at 1-800-330-1361 X 22 or local (561) 912-8221 has contacted two of our clients this week after Bluegreen has been advised of our representation. I had previously asked Mr. Spiegel to code these accounts, which he did and confirmed they were each coded. See the attached email correspondence. I trust that he has in fact coded these accounts, but there seems to be some miscommunication between the two departments and the frequency has significantly increased in recent weeks.

Our firm has been patient with these communications as a result of assurances provided by Mr. Spiegel. Please confirm that all coded accounts will be exclusively communicated with our offices only going forward.

Thank you.

--

Sincerely,

Joel Osborne
Paralegal
Finn Law Group, P.A.
Joel@FinnLawGroup.com

**\*\*Our mailing address has changed. Please update your records to reflect this new information\*\***

10720 72nd Street; Suite 305
Largo, FL 33777
Toll Free: (855) 346-6529 Ext: 103
Fax: (727) 683-9571

Finn Law Group - Avvo.com     |     Michael D. Finn - Michigan Bar     |     Michael D. Finn - Florida Bar     |     Michael D. Finn - Lawyer.com

### CONFIDENTIALITY NOTICE

This email transmission from The Finn Law Group, P.A., and all content contained herein is confidential and privileged as either an Attorney-Client communication or Attorney work product. This information is intended for use by the recipient named above only.  If you are not the intended recipient, use of the contents of this information is prohibited.  If you have received this transmission in error, please notify us by telephone so that we may arrange for retrieval of any documents (if applicable) at no cost to you.

**EXHIBIT**

**H**

# EXHIBIT B

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

ALBERT COLEMAN III,                                   CASE NO. 2013-CA-012039
                                                      DIVISION: AJ
        Plaintiff,

v.

BLUEGREEN RESORTS MANAGEMENT, INC.;
BLUEGREEN SERVICING, LLC; and
BLUEGREEN VACATIONS UNLIMITED, INC.

        Defendants.
_____/

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

Defendants, Bluegreen Resorts Managements, Inc., Bluegreen Servicing, LLC and Bluegreen Vacations Unlimited, Inc. (collectively "Defendants"), by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and 28 USC §§ 1331, 1367(a), 1441(a) and 1446, hereby give notice that the attached copy of Defendants' Notice of Removal has been filed with the Clerk of Court for the United States District Court for the Southern District of Florida. A true and correct copy of Defendants' Notice of Removal is attached as **Exhibit "A."** In accordance with Title 28 of the United States Code, no further proceedings should be held in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida relative to this action.

[THIS PAGE LEFT INTENTIONALLY SHORT]

DATED: June 27, 2014
West Palm Beach, Florida

Respectfully submitted,

**ATHERTON LAW GROUP, P.A.**

s/ ***S. Jordan Rappaport***

Scott W. Atherton (FBN 749591)
S. Jordan Rappaport (FBN 0811041)
224 Datura Street, Suite 815
West Palm Beach, Florida 33401
Telephone: (561) 293.2530
Facsimile:  (561) 293.1593

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic mail to Michael Finn, Esq., Patrick Kennedy, Esq., Ira Leavengood Esq. and Aaron Swift, Esq., counsel for Plaintiffs via the Florida Courts e-Filing Portal this 27th day of June, 2014.

By: ***/s/ S. Jordan Rappaport***
S. Jordan Rappaport
Florida Bar No. 811041